**John W. YOUNG, Commissioner of Labor for the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,**

v.

**John G. TERWORT d/b/a John G. Terwort and Son, et al., Appellees.**

**Edmund HARMELING, Appellant,**

v.

**John W. YOUNG, Commissioner of Labor, Commonwealth of Kentucky, etc., et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 23, 1970.

Martin Glazer, Dept. of Labor, Frankfort, Gemma M. Harding, Louisville, for Special Fund, for John W. Young, and others.

William B. O'Neal, Kilcoyne, O'Neal, Meier & Varnau, Cincinnati, Ohio, J. Keller Whitaker for Workmen's Compensation Board, Frankfort, for John G. Terwort, and others.

Bernard J. Blau, Newport, for appellant Edmund Harmeling.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded compensation to Edmund Harmeling for total permanent disability arising out of an accident in the course of his employment with John G. Terwort. The board found that all of the disability was due to the arousal into disabling reality of a pre-existing nondisabling disease, and therefore ordered that the Special Fund pay the entire award for disability benefits. See KRS 342.120. However, the board imposed liability on the employer, Terwort, for medical, surgical and hospital expenses. See KRS 342.020. Terwort appealed to the circuit court, maintaining that it was error to charge him with liability for the medical, surgical and hospital expenses. The Special Fund, by "answer and cross-claim" in the appeal proceedings instituted by Terwort, undertook to assert error by the board in imposing liability on the Special Fund for all of the disability benefits, rather than apportioning liability between the employer and the fund. The circuit court dismissed the Special Fund's pleading to the extent that it undertook to assert such error, on the ground that the pleading had not been filed within 20 days after the rendition of the board's order, as required by KRS 342.285, and therefore was too late to be acceptable as a cross-appeal from the board's order. The court found, on Terwort's direct appeal, that the board had erred in imposing liability on Terwort for the medical, surgical and hospital expenses, and the court entered judgment imposing that liability on the Special Fund. The Special Fund has appealed from that judgment claiming error by the court in transferring liability from the employer to the fund for the medical, surgical and hospital expenses, and in dismissing its pleading whereby it had sought review of the board's action in imposing liability on the

fund for all of the disability payments. The employe, Harmeling, has taken a cross-appeal maintaining that if the judgment is erroneous in imposing liability on the Special Fund for the medical, surgical and hospital expenses, it is erroneous also in relieving the employer of liability for those expenses.

◼ We shall consider first the matter of the dismissal of the Special Fund's attempted cross-appeal to the circuit court from the board's order. The order was entered on July 7, 1969. The employer's appeal was taken on July 25. The Special Fund's "answer and cross-claim" was not filed until July 30, which was 23 days after the entry of the order. Under the decision in Kiser v. Bartley Mining Co., Ky., 397 S.W.2d 56, the pleading was too late to be acceptable as a cross-appeal, and therefore the circuit court acted correctly in dismissing it.

◼ On the other question in the case —liability for the medical, surgical and hospital expenses—we think the answer is to be found in the plain language of KRS 342.020. That statute provides that *"The employer* shall furnish for the cure and relief *from the effects of an injury"* such medical, surgical and hospital treatment as may reasonably be required at the time of the injury and thereafter during disability (our emphasis). Although the board found that Harmeling's disability was due entirely to the arousal into disabling reality of a pre-existing nondisabling disease, and that none of the disability would have resulted from the injury sustained in the accident had there been no pre-existing diseased condition, the condition of disability nevertheless must be considered an *effect* of the injury within the meaning of KRS 342.020. The injury caused the disability by arousing the disease into disabling reality, wherefore the disability is an effect of the injury.

We think the statute clearly, unequivocally and squarely places the liability on the employer for the medical, surgical and hospital expenses in the factual situation we have in the instant case. The fact that the workmen's compensation statutes do not impose any other liability on the employer for the results of a pre-existing nonoccupational disease is not a basis for seeking to find in KRS 342.020 some meaning other than that plainly expressed by its words. So there is no point in pondering the possible meanings of "compensation" as used in KRS 342.020 and in KRS 342.120. Cf. Franklin v. Blue Grass Cooperage Company, Ky., 447 S.W.2d 621.

Since KRS 342.020 specifically puts the liability on the employer and since there is nothing in KRS 342.120 to transfer that liability from the employer to the Special Fund, it is our opinion that the Workmen's Compensation Board correctly held the employer liable in the instant case, and that the circuit court erroneously transferred the liability to the Special Fund.

The judgment is reversed as relates to the matter of liability for medical, surgical and hospital expenses, with directions to enter judgment affirming the order of the Workmen's Compensation Board; in all other respects the judgment is affirmed.

All concur.