**PROVEN PRODUCTS SALES & SERVICE,
Appellant,**

v.

**Earl CRUTCHER and John W. Young, Commissioner of Labor, etc., et al., Appellees.**

Court of Appeals of Kentucky.

March 5, 1971.

Bernard J. Blau; Kaufmann, Jolly, Johnson & Blau, Newport, for appellant.

James L. Cobb, Jr., and Peter F. Beasley, Covington, Thomas R. Emerson, Dept. of Labor, Frankfort, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded Earl Crutcher (1) compensation for temporary total disability for a period of six months, to be paid by his employer, Proven Products Sales & Service; (2) medical benefits, also to be paid by the employer; and (3) compensation for 15 percent permanent partial disability, to be paid by the Special Fund. Crutcher had sustained an injury to his back when he fell from a low scaffold. In making the award against the Special Fund the board found that Crutcher's permanent partial disability was attributable solely to the arousal into disabling reality of a preexisting degenerative disc condition, which the board treated as being a *disease* condition within the meaning of KRS 342.120.

Crutcher and the employer both appealed to the circuit court. The Special Fund did not appeal. Nevertheless, the circuit court entered judgment remanding the case to the board with directions to relieve the Special Fund of any liability and to impose all liability on the employer. The judgment further directed the board to redetermine the extent of Crutcher's permanent partial disability "based upon the entire record of evidence." The employer alone has appealed from that judgment.

In directing that liability be placed on the employer rather than on the Special Fund the circuit court held that the board, in finding that the degenerative disc condition was a *disease,* was in error, by virtue of the decision of this court in Young v. City Bus Company, Ky., 450 S.W.2d 510. In so holding the circuit court misapplied *City Bus.* The actual decision in *City Bus,* as to the particular case there on appeal, *affirmed* the award of the Workmen's Compensation Board imposing liability on the Special Fund for compensation for disability attributable to the arousal of a degenerative disc condition. The reason for the affirmal was (450 S.W.2d at 514):

"Since the confusion present in this case is attributable, in part, to our own

opinions, and considering that the Special Fund failed to raise the question before the Board or in the initial proceedings before the circuit court, we have concluded in this case to regard the finding of the Board-appointed physician as conclusive of the existence of a pre-existing, dormant, nondisabling disease as it was so treated by the parties and, therefore, affirm the action of the circuit court in directing apportionment in this case."

In the instant case the board-appointed physician classified the degenerative disc condition as a *disease* condition. The Special Fund did not except to the report nor did any of the parties question his report in that regard. The Special Fund did not appeal to the circuit court from the order of the board which treated the degenerative disc condition as being a disease condition such as to furnish the basis for an award against the Special Fund. The situation, therefore, is the same as it was in *City Bus.* The proceedings before the board in the instant case were completed, and the case was appealed to the circuit court, before the decision in *City Bus* was handed down. Every circumstance that prompted us, in *City Bus* to affirm the award against the Special Fund, is present also in the instant case. Accordingly, it is our opinion that the circuit court erred in the instant case in directing that the liability for permanent disability be placed on the employer rather than on the Special Fund.

The effect of our opinion above expressed is to leave the appellant employer liable only for compensation for temporary total disability and for medical benefits. The employer argues that it should not have been held liable even for those items.

The accident occurred on April 14, 1966. The award by the board required the employer to pay compensation for temporary total disability, at the rate of $44 per week, for the period from April 14, 1966, to October 18, 1966, a total of some 26 weeks.

802

The employer voluntarily had paid compensation for 18 of those weeks.

■ The employer first argues that the liability for compensation for temporary total disability should have been placed on the Special Fund, including the duty to reimburse the employer for the payments it had made voluntarily. We find no merit in that argument because liability of the Special Fund rests solely on the provisions of KRS 342.120, and that statute always has been construed to apply only to permanent disability, which construction seems justified by the use of the words "permanent disability" in subsection (3). Furthermore, we think the evidence warrants the finding that the *temporary* disability was attributable primarily to the fall, so as properly to impose liability on the employer.

■ It is further argued by the employer that the board found eight more weeks of temporary total disability than the evidence justified, and that in any event, under KRS 342.035(2), the employe should be deprived of compensation for those weeks because he failed to follow competent medical advice (to diet and thus reduce his obesity). It is to be observed that this argument involves only $352. We think the evidence warranted the finding as to the duration of the temporary total disability. As concerns the claim of failure to follow medical advice, we agree with the conclusion of the circuit court that the statute contemplates *specific* advice as distinguished from a general admonition, as in the instant case, to lose weight. Furthermore, we think the statute contemplates advice concerning the treatment of the *injury* or *disease* which is the immediate cause of the disability.

■ The employer contends that it cannot be held liable to pay medical benefits in this situation where the employe's disability is attributable solely to the arousal into disabling reality of a preexisting non-disabling disease condition. The same con-

tention was rejected in Young v. Terwort, Ky., 459 S.W.2d 136, to which we adhere. The employer also makes the same argument here as it made concerning compensation for temporary total disability—that the employe should be barred of benefits because of his alleged failure to follow medical advice. The answer we gave above is equally applicable here.

So much of the judgment as sets aside the order of the Workmen's Compensation Board is reversed, with directions to enter judgment affirming the order. To the extent that the judgment affirms the order of the board it is affirmed.

All concur.