Juaneta PIERCE, Appellant,

v.

RUSSELL SPORTSWEAR CORPORA-
TION, James R. Yocom, Commissioner
of Labor and Custodian of the Special
Fund, and the Workmen's Compensation
Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Aug. 31, 1979.

Robert L. Bertram, Jamestown, for appellant.

Robert B. Hensley, Horse Cave, Gemma M. Harding, Dept. of Labor, Louisville, Kenneth E. Hollis, Denis Kline, Dept. of Labor, Frankfort, for appellees.

Before GANT, HAYES and HOWARD, JJ.

GANT, Judge.

Appellant successfully prosecuted a workmen's compensation claim against the appellee, Russell Sportswear Corporation, and was awarded 100% occupational disability, apportioned 50% to the employer and 50% to the Special Fund. In addition, the employer was assessed for all medical expense, pursuant to KRS 342.020(1).

Subsequently, after time for appeal had run, appellant filed a motion with the Workmen's Compensation Board to enforce payment of the medical expenses awarded, and appellee resisted on the ground that all said expense had been paid by insurance. The Board overruled the motion to enforce, amended its order, and appeal to the Russell Circuit Court ensued.

The sole questions here presented are:

(1) Does the payment of medical expense by other insurance bar enforcement of an award of such expense against the employer?

(2) Does the Special Fund have any liability for medical expense?

■ Answering the questions in reverse order, it has been clearly established that the Special Fund has no liability for medical expense. *Young v. Terwort*, Ky., 459 S.W.2d 136 (1970), and *Proven Products Sales & Service v. Crutcher*, Ky., 464 S.W.2d 800 (1971).

Considering the first question, the Court is puzzled by the procedure utilized by the appellant in seeking to enforce the award. Appellant filed a motion to enforce with the Board and not with the circuit court. This was totally contrary to KRS 342.305, which provides:

342.305. Enforcement by circuit court of agreement or award.—Any party in interest may file in the circuit court of

the county in which the injury occurred a certified copy of a memorandum of agreement approved by the board or of an order or decision of the board, or of an award of the board on appeal from, or an award of the board rendered upon an appeal whether or not there is a motion to reopen or review pending under KRS 242.125. The court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect, and all proceedings in relation thereto shall thereafter be the same as though it had been rendered in a suit duly heard and determined by that court. Any such judgment, unappealed from or affirmed on appeal or modified in obedience to the mandate of the Court of Appeals shall be modified to conform to any decision of the board ending, diminishing or increasing any weekly payment under the provisions of KRS 342.125 upon a presentation to it of a certified copy of such decision.

█ █ The sole forum for enforcement of an award is the circuit court and the Workmen's Compensation Board was without jurisdiction to modify the original award of medical expense. However, this was never made an issue before the Board or the circuit court, and at this late date the procedures here utilized should be considered by the circuit court as a proceeding under KRS 342.305. However, the circuit court should have tried this action without considering any evidence offered before the Workmen's Compensation Board, or the probative value thereof, and should have totally disregarded the Board's orders of June 13, 1977, overruling plaintiff's motion to enforce medical payments, and July 11, 1977, overruling plaintiff's motion to reconsider, as same are without force and effect.

KRS 342.020(1) states:

342.020. Medical treatment at expense of employer—Artificial members and braces—Provisions for determining selection of physician and hospital.—(1) In addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an injury or occupational disease such medical, surgical and hospital treatment, including nursing, medical and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, or as may be required for the cure and treatment of an occupational disease. The employe may select the physician to treat his injury, and the hospital in which he shall be treated.

█ This statute does not say that payment shall be made by the employer only in the event same is not paid by another source. However, it should be made clear that the employer should not be required to pay the medical payments twice. If the medical expenses have been previously paid by another source under circumstances which would give rise to subrogation under the collateral source rule, the employer may defend a motion to enforce the award by furnishing the court with that proof. *See Bryan v. Henderson Electric*, Ky.App., 566 S.W.2d 823 (1978).

█ The mere fact of payment by other insurance is not, of itself, a defense to an action to enforce an award. Payment from other insurance must have been made under a policy which excludes payment for conditions arising out of or in the course of employment or otherwise providing for a subrogation of payments. This is an affirmative defense on the employer. CR 8.03. The burden is not on the claimant to prove that his expenses were not paid.

█ The meager proof herein consisted of an affidavit filed by the controller of the hospital that the entire sum of $16,124.60 had been paid by insurance, together with a letter from Blue Cross-Blue Shield that they had paid $7,698 of this amount for which, under their policy, they were entitled to reimbursement from the employer's carrier. The policy itself was not offered in evidence and $8,425.60 was completely unaccounted for.

█ Accordingly, this case is reversed and remanded with the following instructions:

(1) The Russell Circuit Court shall consider this action as an original motion filed pursuant to KRS 342.305.

(2) The appellant, having filed a copy of the award and an itemized list of his medical expenses which are uncontroverted, has fulfilled his obligations under the motion.

(3) The appellee shall be permitted to prove, by competent evidence, that the expenses of the appellant were paid by other sources under circumstances which would permit such sources to become subrogees of the claimant under the collateral source rule or under some other subrogation by exclusion of primary coverage.

(4) If such proof does show conclusively the subrogation or exclusion rights, the employer shall not be required to pay the medical expenses of the claimant, but may be required to reimburse others under appropriate action.

(5) If no subrogation rights or exclusion exist, the employer shall pay the claimant, irrespective of other coverage.

All concur.