John Wayne HETTEBERG, Movant,

v.

CITY OF NEWPORT, Kentucky; Employer's Insurance of Wausau; Eugene F. Land, Commissioner of Labor and Custodian of the Special Fund; and Kentucky Workmen's Compensation Board, Respondents.

Supreme Court of Kentucky.

April 14, 1981.

Rehearing Denied June 16, 1981.

Bernard J. Blau, Jolly, Johnson, Blau & Parry, Newport, for movant.

Walter A. Ward, Boehl, Stopher, Graves & Deindoerfer, Lexington, for respondents City of Newport and Employer's Ins. of Wausau.

Kenneth Hollis, Gen. Counsel, Dept. of Labor, Frankfort, Denis Kline, Asst. Gen. Counsel, Dept. of Labor, Louisville, for respondent Land.

CLAYTON, Justice.

John Wayne Hetteberg appeals from the dismissal of his claim made under the Kentucky Workers' Compensation Act. The dispositive issue in this case is whether the claim was timely filed within the two-year statute of limitations prescribed in KRS 342.185.

On February 26, 1973, Hetteberg suffered a fractured right leg during physical training while attending the Police Institute at Eastern Kentucky University. At the time of his injury Hetteberg was employed as a police officer by the respondent, City of Newport. An initial hearing was conducted before the Workers' Compensation Board, during which the parties stipulated that the injury occurred within the scope of Hetteberg's employment. The parties further agreed that Hetteberg would receive temporary total disability "income" benefits from the date of his injury through March 18, 1973.

Thereafter, the City of Newport paid the medical and related expenses incurred by Hetteberg from April 20, 1973, until August 12, 1975.

Hetteberg filed a workers' compensation claim on April 12, 1977. On July 18, 1978, the board dismissed the claim as being barred by the statute of limitations. In its findings of fact, the board concluded that the claim should have been made within two years of March 18, 1973, the date upon which Hetteberg's temporary total disability payments terminated. The dismissal of the claim was affirmed by the Madison Circuit Court and the Court of Appeals. This court granted discretionary review.

Hetteberg asserts that his claim was timely filed on the grounds that the city's payment of his medical and related expenses tolled the statute of limitations. KRS 342.185 provides in part:

If payments of *compensation* as such have been made voluntarily the making of a claim within such period shall not be required .... (Emphasis added.)

Hetteberg takes the position that the payment of his medical and related benefits constitutes voluntary "compensation" within the meaning of the Workers' Compensation Act. We agree.

In arriving at our decision, reference must be made to the 1972 legislative reforms regarding KRS Chapter 342.* One substantive change is reflected in the definition of "compensation" in KRS 342.620:

(12) "Compensation" means all payments made under the provisions of this chapter representing the sum of income benefits and *medical and related* benefits. (Emphasis added.)

In this case the board as well as the lower courts chose to follow the line of cases which hold that the payment of medical services does not constitute voluntary payments of compensation. We note, however, that these cases were decided before the 1973 changes in the Workers' Compensation Act went into effect. The amended language of KRS 342.620(12) clearly denotes the legislative intent to expand what is meant by "compensation."

The case is reversed and remanded with directions that the Workers' Compensation Board enter findings consistent with this opinion.

All concur.

---

*These amendments became effective January 1, 1973.