Eugene F. **LAND**, Commissioner of Labor and Custodian of the Special Fund, Appellant,

v.

**PEABODY COAL COMPANY**; Bobby Douglas Johnson; and Workers' Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

June 26, 1981.

Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, John E. Stephenson, Asst. Counsel, Dept. of Labor, Louisville, for appellant.

Thomas L. Ferreri, Charles E. Lowther, Mills, Mitchell & Turner, Madisonville, A. V. Conway, II, Beaver Dam, for appellees Peabody Coal Co.

Before HOWARD, REYNOLDS and WINTERSHEIMER, JJ.

HOWARD, Judge.

The Special Fund appeals from a judgment in the Ohio Circuit Court, said judgment affirming in part and reversing in part an award by the Workers' Compensation Board. The Board found Mr. Johnson to be 100% occupationally disabled and apportioned this disability two-thirds to the employer, Peabody Coal Company, and one-third to the Special Fund. The Board also

found Mr. Johnson to have been temporarily totally disabled by reason of injury alone from June 8, 1976 to August 17, 1978. These temporary benefits were the liability of the employer.

The trial court held that the Board erred as a matter of law in assessing total liability against the employer for the period of June 8, 1976 to August 17, 1978, citing *Young v. Johnson County Board of Education*, Ky., 479 S.W.2d 638 (1972). The trial court interpreted that case in the following manner:

> [W]henever an apportionment is warranted in a total and permanent occupational disability award, there is no period of temporary total disability for which the employer is solely liable. Furthermore, the Court stated therein that there was no statutory authorization for such a conclusion of total temporary disability.

We must agree with the trial court's interpretation and will affirm its opinion with this quote from the above cited case which fits the instant case precisely:

> All the medical evidence conclusively demonstrates that the employee's disability was total and permanent from the time it was incurred. There is no basis whatever for the board's conclusion that the injured employee was ever 'temporarily' disabled. The board, nevertheless, ordered that the employer's benefit payments be considered as 'temporary total disability.' We find no statutory authorization for such conclusion.

*Supra*, at 639.

All concur.