**ISLAND CREEK COAL COMPANY,**
Appellant,

v.

**Jerry DeMOSS; James R. Yocom, Commissioner of Labor and Custodian of the Special Fund; Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Sept. 25, 1981.

William P. Swain, Larry L. Johnson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellants.

Leland Monhollon, Madisonville, for appellee, Jerry DeMoss.

John E. Stephenson, Asst. Counsel, Dept. of Labor, Louisville, Kenneth E. Hollis, Gen. Counsel, Dept. of Labor, Frankfort, for appellee, Special Fund.

Before WHITE, WILHOIT and WINTERSHEIMER, JJ.

WHITE, Judge.

This appeal is from a judgment of the Hopkins Circuit Court affirming an award and apportionment of the Workers' Compensation Board but reversing and remanding the allowance of temporary total benefits covering a period of time that the claimant was actually working. We affirm.

The claimant, Jerry DeMoss, sustained injuries to his back on November 6, 1976, and January 18, 1977. Following three days off from work, the claimant continued working until May 9, 1977, at which time his employer voluntarily commenced paying compensation benefits until April 6, 1978. The claimant returned to work on April 6, 1978, and continued until October 16, 1978, at which time he ceased work entirely.

After reviewing the medical evidence, the Board found that the claimant did not sustain any temporary or permanent disability as a result of the 1976 injury. It found further that as a result of the injury of

January 18, 1977, "the Plaintiff was temporarily totally disabled from January 18, 1977 to April 6, 1978 and that the Plaintiff has sustained an occupational disability of 100% from and after October 16, 1978." The Board apportioned 50% of the total permanent disability against the Special Fund after finding that the incident of January, 1977 aggravated a pre-existing dormant condition.

The Board directed the employer to pay temporary total disability benefits to the claimant for the period of time between January 18, 1977, and April 6, 1978. The Circuit Court remanded the case to the Board with directions to give the employer credit for payments made to the claimant during the time covering January 21, 1977, to May 9, 1977, since the record disclosed that claimant had worked that same period.

■ This appeal presents the sole issue of whether or not the Special Fund is or should be responsible for 50% of the temporary total benefits paid to claimant.

The appellant employer presents a most persuasive argument here in that since the permanent total disability was found to have been occasioned by the January 18, 1977 injury, the payments for both temporary and permanent disabilities stemmed from that same date rather than awarding the permanent total disability to commence on October 16, 1978 (the last date worked).

Two facts militate against this view:

(1) The statute itself [KRS 342.120(3)] has been interpreted by the Courts to preclude such application. *See Proven Products Sales & Service v. Crutcher*, Ky., 464 S.W.2d 800 (1971), and *Yocom v. Devine*, Ky.App., 577 S.W.2d 41 (1979).

(2) The claimant actually returned to work for some six months following the temporary disability time.

■ It is necessary to note in passing upon this question that some misunderstanding may arise as to the Fund's liability with respect to total *permanent* disability as compared to its (Fund's) nonliability for total *temporary* disability. This distinction or difference is always governed by the facts of each case and is basically affected by whether or not the claimant has returned to work for any period of time. In other words, it is clear and obvious that any period for which benefits are paid that is followed by a period of work time is a *temporary* disability for which the employer is liable under the Workers' Compensation statutes. *Crutcher, supra.* All time subsequent to the last day or date of the claimant's work record must of necessity be designated as *permanent* disability even though it may have been called temporary total because the employer was making voluntary payments prior to the Board's final award.

■ Let it be clearly understood that it is not the date of the injury which determines the liability question in facts such as those before us. It is the date of cessation of work entirely.

For the foregoing reasons we affirm the judgment of the Hopkins Circuit Court.

All concur.