CLAUDE N. FANNIN WHOLESALE COMPANY, Appellant,

v.

Willie L. THACKER; John Calhoun Wells, Commissioner of Labor as Custodian of the Special Fund; and Workers' Compensation Board of the Commonwealth of Kentucky, Appellees.

Court of Appeals of Kentucky.

Sept. 16, 1983.

Discretionary Review Denied Jan. 11, 1984.

William H. Jones, Jr., Ashland, for appellant.

Phillip Bruce Leslie, McBrayer, McGinnis & Leslie, Greenup, for Willie L. Thacker.

Denis Kline, Dept. of Labor, Louisville, for Special Fund.

Before HAYES, C.J., and GUDGEL and McDONALD, JJ.

GUDGEL, Judge:

The sole issue in this appeal is whether the Workers' Compensation Board erred in assessing liability for a disabled worker's medical expenses against his employer. Appellant, the employer, contends that it did. We disagree. Therefore, we affirm.

Appellee Willie Thacker sustained a work-related injury to his back on July 5, 1980 while employed by appellant. He filed a claim for disability benefits and the Special Fund was made a party to the proceedings after it became apparent that Thacker's disability was due in part to the arousal of a preexisting back condition. After a hearing, the Board found Thacker to be one hundred percent occupationally disabled. All liability for its award of income benefits was assessed against the Special Fund. His employer, however, in accordance with KRS 342.020, was held liable for "such medical, surgical, and hospital expenses as may reasonably be required for the treatment of his injury." On appeal to the circuit court, the award against the employer was affirmed. This appeal followed.

Appellant contends that, because the Board did not assess any liability for the payment of income benefits against it, the Board erred in adjuding it liable for Thacker's medical expenses. We disagree.

KRS 342.120, which governs the Special Fund's liability for workers' compensation benefits, provides, in part, as follows:

(4) If it is found that the employe is a person mentioned in paragraphs (a) or (b) of subsection (2) of this section and a subsequent compensable injury or occupational disease has resulted in additional permanent disability so that the degree of disability caused by the combined disabilities is greater than that which would have resulted from the subsequent injury or occupational disease alone, and the em-

ploye is entitled to receive compensation on the basis of the combined disabilities, the employer shall be liable for the payment of all income benefits until the benefits paid have reached a percentage of the full income benefits awarded by the board which is equal to the percentage of disability which would have resulted from the latter injury or occupational disease had there been no preexisting disability or dormant, but aroused disease or condition.

(5) The remaining compensation for which such resulting condition would entitle the employe, including any compensation for disability resulting from a dormant disease or condition aroused into disabling reality by the injury or occupational disease, shall be paid out of the special fund provided for in KRS 342.122. Such remaining compensation shall be paid directly to the employe under such regulations as the secretary of finance may provide for such purpose.

Appellant argues that the enactment of KRS 342.620(14) in 1978 to define "compensation" as "all payments made under the provisions of this chapter representing the sum of income benefits and medical and related benefits" must be read into KRS 342.120 so as to make the Special Fund liable for the payment of medical as well as income benefits in cases where the liability for a particular award has been assessed against it. Appellant's argument is untenable.

In the first place, the prefatory language to all of the definitions set forth in KRS 342.620 provides: "As used in this chapter unless the context otherwise requires." Thus, the word "compensation" cannot automatically be deemed to include both medical and income benefits whenever it appears in the Workers' Compensation law. Rather, its meaning must be determined by the context in which it appears in a given statute. In the context of KRS 342.120, it seems to us that the word "compensation" must be construed as referring only to income benefits.

KRS 342.120 requires the Special Fund to pay compensation benefits for a *disability* resulting from the arousal of a preexisting disease or condition. KRS 342.620(11) defines "disability" as "a decrease of wage earning capacity due to injury or loss of ability to compete to obtain the kind of work the employe is customarily able to do...." Thus, the compensation which KRS 342.120 requires the Special Fund to pay is that which results from "a decrease in wage-earning capacity" of the employee. It does not require the Fund to pay compensation for medical expenses the employee might incur.

Appellant relies on *Hetteberg v. City of Newport*, Ky., 616 S.W.2d 35 (1981) for the proposition that "The amended language of KRS 342.620(14) clearly denotes the legislative intent to expand what is meant by the word 'compensation.'" However, *Hetteberg* dealt with the meaning of the word "compensation" as used in KRS 342.185, the Workers' Compensation limitations statute. Unlike KRS 342.120, KRS 342.185 included no language which would suggest that the KRS 342.620(14) definition of compensation was not applicable. We further note that, after *Hetteberg* was decided, the legislature effectively overruled it by amending KRS 342.185 to provide that the statute of limitations was tolled only by the payment of income benefits. 1982 *Kentucky Acts,* Chapter 278, § 20. This bolsters our conviction that the legislature did not intend the KRS 342.620(14) definition of compensation to be applied indiscriminately wherever the word appears in the Workers' Compensation law, but only in those instances where the context of a particular statute would make the use of that definition reasonable.

Furthermore, KRS 342.020 explicitly imposes the duty to pay "for the cure and relief from the effects of an injury...." on the employer. This language has been construed as requiring the employer to bear all medical costs resulting from a work-related injury sustained by an employee, even in situations such as this where all liability for an award is assessed against the Special Fund. *Young v. Terwort*, Ky., 459 S.W.2d

**480**

136 (1970). Indeed, in every case cited to us in which the question of the Special Fund's liability for medical expenses has been raised, our courts have held that KRS 342.-020 imposes such liability on the employer, not the Special Fund. *Pierce v. Russell Sportswear Corporation,* Ky.App., 586 S.W.2d 301 (1979); *Proven Products Sales & Service v. Crutcher,* Ky., 464 S.W.2d 800 (1971); *Young v. Terwort, supra.*

Moreover, it is settled that where two statutes conflict, the more specific of the two controls. *Kentucky Trust Company v. Department of Revenue,* Ky., 421 S.W.2d 854 (1967). In the instant action, it is obvious that KRS 342.020 is a more specific statute than KRS 342.620(14), the statute which sets forth the general definition of the word "compensation." Thus, the provisions of KRS 342.020 clearly must be deemed to govern the issue of the Special Fund's liability for medical expenses.

Appellant attempts to avoid the operation of this rule of construction and harmonize its interpretation of KRS 342.120 with KRS 342.020 by arguing that the term "employer" as used in KRS 342.020 includes the Special Fund. Appellant cites no authority, however, to justify such a construction of the statute. Further, the term "employer" is not defined in the statutes. In the absence of a specific statutory definition, statutory terms are to be "construed according to the common and approved usage of language." KRS 446.080(4). Here, it would not be appropriate for us to construe the term "employer" to include the Special Fund because the language of the relevant statutes and authorities treat employers and the Special Fund as separate and distinct entities.

The judgment is affirmed.

All concur.