ALLIED CORPORATION, Appellant,

v.

Colin HORNSBY; Thelma Stovall, Successor to John Calhoun Wells, Commissioner of Labor as Custodian of the Special Fund; and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Nov. 4, 1983.

William H. Jones, Jr., John I. Hanbury, Ashland, for appellant.

Robert L. Catlett, Jr., Segal, Isenberg, Sales & Stewart, Louisville, for Colin Hornsby.

John E. Stephenson, Dept. of Labor, Louisville, for Special Fund.

Before HOWARD, HOWERTON and DUNN, JJ.

DUNN, Judge:

This appeal is from the Boyd Circuit Court Judgment affirming the Opinion and Award of the Workers' Compensation Board which found the appellee, Colin Hornsby, 100% permanently occupationally disabled.

Appellee Hornsby began employment with appellant Allied Corporation in October, 1974. He was injured at work on August 28, 1975, while attempting to lift a door plate that had fallen off a coke oven in Allied's plant. Hornsby felt severe pain in his low back while attempting to lift the door plate and was immediately sent to the hospital. After x-rays of his back were taken, Hornsby, following the advice of the hospital physician, saw Dr. Harrison, Allied's company physician, the next day. Dr. Harrison prescribed pain medication. Hornsby continued to work for one month, but was eventually hospitalized in Cincinnati, Ohio, where a full body plaster cast was applied.

He continued to see various doctors for treatment and on August 26, 1980, he filed an Application for Adjustment of Claim with the Workers' Compensation Board. On March 15, 1982, the Board entered its Opinion and Award, specifically noting that Hornsby had undergone back surgery in 1958 for treatment of congenital spondylolisthesis.

Allied on appeal presents several arguments for our consideration, the first of which is that the circuit court erred as a matter of law in affirming the Board's finding that Hornsby was totally and permanently disabled because such a finding was not supported by substantial probative evidence. Our review is limited to determining whether or not the order is clearly erroneous on the basis of reliable, probative and material evidence in the whole record. KRS 342.285(3)(d).

In its award the Board found that Hornsby was 100% occupationally disabled. It provided that he recover from the appellant-employer the temporary total disability benefits as paid from March 9, 1976, through August 25, 1980, and thereafter for 25% permanent occupational disability, for so long as he is disabled, the sum of $22.00 per week together with interest and credits to the employer for sums paid. It also provided he recover of the appellee-Special Fund, for 75% occupational disability, from

August 26, 1980, and for as long thereafter as he is so disabled, the sum of $66.00 per week together with interest and credits to the Special Fund for sums paid.

KRS 342.620(11) provides:

Disability means a decrease wage earning capacity due to injury or loss of ability to compete to obtain the kind of work the employe is customarily able to do, in the area where he lives, taking into consideration his age, occupation, education, effect upon his employe's general health of continuing in the kind of work he is customarily able to do, and impairment or disfigurement.

A review of the evidence reveals that Hornsby has undergone a variety of treatments and is still in a great deal of pain. The medical evidence indicates that he is unable to do any heavy work whatsoever and 2 of the 4 doctor witnesses testified that he was totally disabled. Since this evidence supports the Board's finding of total disability, this court will not disturb that finding. KRS 342.285(3).

Allied next argues that the circuit court erred in affirming the Board's finding of no pre-existing active disability, where such finding was not supported by substantial evidence. It urges that if Hornsby had an active disability at the time of his hiring, it would be responsible only for the degree of injury which resulted while he was in their employ. KRS 342.120.

This argument has no merit. At the time of his hiring Hornsby did suffer from spondylolisthesis. Two doctors testified as to his probable physical impairment as a result of the surgery of 1958 to correct this condition. However, the Board found that Dr. Miller, a Board-appointed orthopaedic surgeon, assessed a 15% impairment due to the surgery performed when Hornsby was age 18 to correct the condition. Dr. Goldner attributed 25% permanent partial impairment to the spinal fusion done at that time. There is no evidence other than the opinions from these two doctors and testimony from a co-worker that Hornsby complained about his back and that Hornsby was in any way disabled. Even viewing this evidence in a light most favorable to

Allied, it is not sufficient to warrant a finding that Hornsby had an active disability within the meaning of KRS 342.620(11) at the time of his hiring.

However, we do agree with Allied's further contention that it was error to hold it liable for all temporary, total disability payments. When apportionment is warranted in a total permanent occupational disability award, there is no period of temporary total disability. *Land v. Peabody Coal Co.,* Ky.App., 619 S.W.2d 501 (1981). Hornsby worked only one month after the injury and did not return to work thereafter, his last day of work being September 29, 1975. In determining the Fund's liability with respect to total permanent disability as compared to its nonliability for total temporary disability, "it is clear and obvious that any period for which benefits are paid that is followed by a period of work time is a temporary disability for which the employer is liable." *Island Creek Coal Company v. DeMoss,* Ky.App., 621 S.W.2d 509, 510 (1981). All time lost subsequent to the last day worked is total permanent disability. This is so even if the Board called that time period temporary because the employer was making voluntary payments. *Id.* Thus, the Special Fund would be liable for 75% of the payments made by appellant commencing September 29, 1975, Hornsby's last work day.

Allied's final argument that the Fund should bear a cost of the medical expenses proportionate to its liability is without merit. The Special Fund is not liable for medical expenses. *Pierce v. Russell Sportswear Corporation,* Ky.App., 586 S.W.2d 301 (1979); KRS 342.020(1).

The judgment of the Boyd Circuit Court is AFFIRMED with respect to the Board's finding of disability and REVERSED with directions to calculate benefits consistent with the findings of this opinion.

All concur.