**INGERSOLL–RAND COMPANY,**
Appellant,

v.

**Betty S. RULE; Vicki Newberg, Acting Director of Special Fund; Donna H. Terry, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 92–CA–001919–WC.

Court of Appeals of Kentucky.

Aug. 27, 1993.

Ordered Published Oct. 8, 1993.

As Modified Oct. 29, 1993.

Van F. Sims, Hardy, Terrell & Boswell, Paducah, for appellant.

Craig Housman, Housman & Sparks, Paducah, for appellee Betty S. Rule.

Peter J. Naake and Judith K. Bartholomew, Labor Cabinet, Louisville, for appellee Special Fund.

Before EMBERTON, JOHNSTONE and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from an opinion of the Workers' Compensation Board affirming an award by an administrative law judge (ALJ) which required the appellant/employer to pay temporary total disability benefits to the appellee/claimant Betty S. Rule. The employer maintains that all of the claimant's disability from October 11, 1991, the date on which she was last able to work, should have been treated as permanent total disability.

The claimant was found to be totally disabled as the result of a work-related injury she suffered on January 19, 1990, causing 85 percent disability in combination with a 15–percent active disability from a 1976 work-related injury. After the 1990 injury, she returned to work on April 25, 1990, and continued to work until October 11, 1990. In November 1990, she underwent lumbar disk surgery, reaching her maximum medical improvement in April 1991, but was never able to return to work. The ALJ determined that the claimant was permanently totally disabled as of April 11, 1991, due to her current injury and her preexisting active disability. The ALJ also awarded temporary total disability benefits due to the subsequent injury alone from January 25, 1990, until the claimant returned to work on April 25, 1990, and for the period of time from October 11, 1990, to April 11, 1991. The employer argues that from October 11, 1990, after which the claimant was no longer able to work, she was permanently totally disabled, so that any award of temporary benefits from that time was erroneous.

In support of its position before the Board, the employer cited *Allied Corporation v. Hornsby*, Ky.App., 661 S.W.2d 480 (1983), which case relied on *Land v. Peabody Coal Co.*, Ky.App., 619 S.W.2d 501 (1981). The Board distinguished *Hornsby* on the basis that there the total disability resulted "from the effects of a single incident and the arousal of a pre-existing condition," whereas here the permanent total disability resulted from a preexisting active disability and the subsequent injury itself was sufficient to cause temporary total disability. The Board concluded that under the "whole man theory" followed in *International Harvester Co. v. Poff*, Ky., 331 S.W.2d 712 (1959), and *Schneider v. Putnam*, Ky., 579 S.W.2d 370 (1979), the award of temporary total disability was proper.

Neither *Land v. Peabody Coal Co., supra*, nor *Young v. Johnson County Board of Education*, Ky., 479 S.W.2d 638 (1972), cited in *Land*, indicates that the effects of the subsequent injury involved in those cases were sufficient alone to have caused a temporary period of total disability, although it is evident that the permanent disability in those cases resulted from the combination of a preexisting condition and a subsequent injury. Likewise, there is nothing in the *Hornsby* case to indicate that the effects of the subsequent injury alone were sufficient to cause total disability for a period of time.

We know of no just reason why the "whole man theory" ought to be limited only to a situation in which the subsequent injury alone is sufficient to cause permanent total disability and not apply to a situation in which injury alone is sufficient to cause temporary total disability. We, therefore, affirm the opinion of the Workers' Compensation Board.

All concur.