Omer ALLEN, Appellant,

v.

GLENN BAKER TRUCKING, INC.; Special Fund; Dwight T. Lovan, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 93–SC–552–WC.

Supreme Court of Kentucky.

Feb. 24, 1994.

Ordered Published April 21, 1994.

Warren A. Taylor, Donald G. Smith, Warren A. Taylor Law Offices, Hazard, for appellant.

Thomas L. Ferreri, William A. Miller, Sr., Ferreri & Fogle, Louisville, for appellee Glenn Baker Trucking, Inc.

Judith K. Bartholomew, Peter J. Naake, Labor Cabinet, Sp. Fund, Louisville, for appellee Special Fund.

## OPINION OF THE COURT

After a complete consideration of the briefs filed in this case and the applicable law, we affirm the decision of the Court of Appeals and adopt that opinion.

"BEFORE: GUDGEL, HUDDLESTON and McDONALD, Judges.

"McDONALD, JUDGE. The sole issue in this case is whether the ALJ appropriately applied the provisions of KRS 342.035 to bar the appellant's claim for workers' compensation benefits.

"The facts leading to appellant's injury are fairly simple. While operating a bulldozer the appellant, Omer Allen, scraped the dirt from a nest of yellow jackets and received multiple bee stings. He had a severe reaction to the stings and was taken to a clinic by a co-worker, Kyle Logan. Allen was given a shot containing benadryl and a steroid. The

doctor specifically told Allen not to drive for the remainder of the day and gave him written instructions to that effect. He was driven back to the office where Allen notified his boss about his condition. The evidence of the conversation that ensued is conflicting. Allen contends his boss, Glenn Baker, told him there was no one available to take him home. Baker testified he offered to have someone take Allen home but that Allen refused the offer. In any event, both Allen and Logan testified that Logan offered to take him home but that Allen rejected the offer, believing himself capable of driving.[1]

"Allen was almost home when he became unconscious and had an accident, sustaining injuries to his head, neck and back.

"The ALJ had no problem determining that Allen's injuries were work-related. However, the ALJ concluded that Allen's occupational disability resulting from the accident was non-compensable as "... all of that disability naturally flows from the failure to follow reasonable medical advice." Allen was determined to be barred from receiving any income benefits or medical expenses because of his failure to comply with KRS 342.035. The board affirmed with the following observation:

'Hindsight shows that the claimant, Omer Allen, made a small error in judgment by opting to reject the admonition of his treating physician not to drive. The motor vehicle accident and ensuing injuries of the claimant were the product of his failure to follow specific medical advice. Unfortunately, the benefit bar of KRS 342.035(2) has no mercy, does not take into account the severity of the transgression to be punished, and like a guillotine, falls to sever the entire claim.

"The controlling statute, KRS 342.035(2) provides:

'(2) Where such requirements are furnished by a public hospital or other institution, payment thereof shall be made to the proper authorities conducting it. No com-

1. "Allen's testimony is as follows:
 Q. Now what happened, did Kyle [Logan] take you back over to your truck?
 A. Yes, he did.

Q. Did Kyle offer to give you a ride?
A. Yes, he did.
Q. And what did you tell Kyle?
A. I told Kyle I felt I could make it alright.

pensation shall be payable for the death or disability of an employee if his death is caused, or if and insofar as his disability is aggravated, caused or continued, by an unreasonable failure to submit to or follow any competent surgical treatment or medical aid or advice.

"Allen contends that his actions in driving himself home the day he was stung were not unreasonable and thus should not bar his claim. He states that neither the ALJ nor the board "ruled directly in regard to this issue" but "essentially ruled" that his behavior was "not unreasonable."[2] We agree that the statute explicitly precludes benefits only where the failure to follow medical advice is "unreasonable." We disagree, however, that the ALJ or the board believed Allen's actions to be anything other than unreasonable. Implicit in the ALJ's opinion and order is the determination that Allen's deviation from his doctor's advice was unreasonable. While the ALJ did not believe Baker's testimony, the ALJ found that Logan offered Allen transportation home. The ALJ also found the medical advice was "reasonable" and "specific," and that Allen was "sufficiently in control of his senses at the time that he undertook to drive away...." Considering the reaction Allen had to the bee stings, the medication he was given at the clinic, the specific medical instructions he was given and the offer of transportation by Logan, it is obvious, as the board concluded, that there was sufficient evidence to uphold the ALJ's determination in regard to the statute's application.

"Finally, Allen argues that the advice given to him by the doctor not to drive a vehicle is not the "medical advice" contemplated by KRS 342.035(2). Relying on *Proven Products Sales & Service v. Crutcher*, Ky., 464 S.W.2d 800 (1971), Allen insists that the "advice" as used in the statute "must be advice that goes toward the treatment of a disease or injury, not general advice...." The advice in *Crutcher* that was held not conforming to the statute was a "general admonition" to lose weight. The court held that the statute contemplates "advice con-

cerning the treatment of the injury or disease which is the immediate cause of the disability." *Id.* at 802. While the statute more frequently comes into play concerning failure to follow advice concerning treatment of an injury or disease incurred in the course of one's employment, the statute also addresses disabilities that are "caused" or "aggravated" by failure to follow specific medical advice. There is no question that all of Allen's permanent disability is the result of the one-vehicle accident which would not have occurred had Allen followed the specific advice not to drive that day. The ALJ and the board found this advice to be clear and specific.

"The statute evinces a purpose to relieve employers from liability for disability benefits when the disability could have been avoided by claimant's compliance with his doctor's advice. The statute requires the claimant to mitigate his damages, not just in the treatment of his injury, but in preventing further injury or disability. In our opinion the advice given to Allen not to drive is clearly the type of advice the statute intended to embrace.

"Accordingly, the opinion of the Workers' Compensation Board is affirmed.

"ALL CONCUR."

STEPHENS, C.J., and LEIBSON, REYNOLDS, SPAIN, STUMBO and WINTERSHEIMER, JJ., concur.

LAMBERT, J., dissents.

---

**2.** "If Allen wanted a more specific finding, he should have asked for such in a petition for rehearing. *Eaton Axle Corporation v. Nally*, Ky., 688 S.W.2d 334 (1985).