## Lawrence Coal Co. et al. v. Boggs.

March 11, 1949.

Clyde R. Levi and William B. Arthur for appellants.

Astor Hogg for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Reversing.

Joe Lawrence and Ray Sanders, doing business as partners under the name of Lawrence Coal Company, owned and operated a mine in Harlan County situated on Highway 119 about ½ mile west of Dione. They elected to work under the Workmen's Compensation Act, KRS 342.001, et seq., and the Coal Operators Casualty Company insured them, issuing the first policy on June 9, 1944, the next annual policy on June 9, 1945, and the last policy on June 9, 1946. On October 17, 1946, the property of the partnership was sold and conveyed to Irvin Fultz and Etta Fultz. The policy theretofore issued to the partnership, Lawrence Coal Company, was cancelled by the Coal Operators Casualty Company on October 25, 1946, and became effective retroactively as of the date October 12, 1946.

Joe Lawrence opened a mine near Hirman, some two or three miles from the mine owned by the partnership, and apparently had been operating there some few weeks, when on October 21st an explosion occurred wherein the owner, Joe Lawrence, was killed and the claimant, Boyd Boggs, was injured.

Boggs filed claim with the Workmen's Compensation Board against the Lawrence Coal Company and the Coal Operators Casualty Company. By amended claim he also made Bertha Reid, Administratrix of the estate of Joe Lawrence, a party defendant.

Claim was heard first by Referee of the Board and in his opinion the Referee awarded the claimant compensation against his employer and Bertha Reid, ad-

ministatrix of the estate of Joe Lawrence, and dismissed the claim against the Coal Operators Casualty Company.

Appeal was made to the Full Board wherein the Referee's opinion was upheld. The pertinent portion of the Board's opinion is:

"It is further ordered and adjudged that the plaintiff's claim against the Coal Operators Casualty Company be and the same is hereby dismissed because the Coal Operators Casualty Company did not carry insurance on the mine in which the plaintiff suffered his disabling injury."

Appeal was prosecuted to the Harlan Circuit Court, wherein that portion of the opinion above was set aside, and held for naught, the court adjudging that the Workmen's Compensation Act does not cover the subject of whether or not an insurance company is the carrier of the employee; that the powers of the Board are limited; and that the Board was without jurisdiction to make a finding on the question as to whether or not the defendant, Coal Operators Casualty Company, was the insurance carrier of Joe Lawrence or Lawrence Coal Company at the time of the injury of the plaintiff.

Thus, it will be seen that the only question here goes to the authority or jurisdiction of the Board to find that the insurance carrier was not the insurer of Joe Lawrence. It will be noted, first, that the Coal Operators Casualty Company was named as defendant in the application for hearing before the Board. Attorney for appellee here says that this was done because upon investigation it was learned that the Coal Operators Casualty Company was the insurer of the Lawrence Coal Company. The Casualty Company made a defense before the Board and appellee admittedly made no effort to counteract that defense. The defense in substance was this: That the Casualty Company had isued a policy to the partnership above, doing business in the name of the Lawrence Coal Company; and that that policy specifically provided as follows:

"Item 1

"Name of this employer—Joe Lawrence and Ray Sanders t/a Lawrence Coal Company

"Item 3

"Locations of all factories, shops, yards, building, premises or other work places of this Employer, by Town or City, with Street and Number—Mine located about ½ mile west of Dione, Kentucky, Harlan County on Highway No. 119.

"Item 4

"This employer is conducting no other business operations at this or any other location not herein disclosed —except as herein stated: No exceptions."

It then showed the transfer of the property by Joe Lawrence and Ray Sanders to the Fultz', and the cancellation of the above policy in the name of the Lawrence Coal Company and the issuing of a new policy to cover the Fultz'. It was shown that the mine in which Boggs received his injury was another mine at a distance varying from about a mile to 3-4/10 miles; that the mine in which the injury occurred was owned and operated solely by Joe Lawrence; that Joe Lawrence had spoken to the insurance carrier's representative about taking insurance on this new mine; and that the Casualty Company's inspector had been to inspect the mine and informed Joe Lawrence that they could not take the insurance until and unless some other things were done for safety in the mine.

On the other hand, appellee testified that he had worked about 8 days for Joe Lawrence; that Joe Lawrence was doing business as the Lawrence Coal Company; and that he had signed a Workmen's Compensation register with Joe Lawrence who said at that time he was well insured.

It appears that no effort was made to defend on the part of the named defendants other than the Casualty Insurance Company.

Upon the facts above, the Board held that the Coal Operators Casualty Company was not an insurer of Joe Lawrence's mine. Appellee contends, and the court below so held, that it was not within the jurisdiction of the Board to make such a finding. That is the sole question on this appeal.

Admittedly there are no Kentucky decisions on this point. However the identical question has been raised

in other jurisdictions and there appears to be a diversity of opinion. The majorty rule seems to be that the Board has jurisdiction over and may determine whether or not a valid policy of insurance exists.

KRS 342.325 provides as follows:

"All questions arising under this chapter, if not settled by agreement of the parties interested therein, with the approval of the board, shall be determined by the board, except as otherwise provided in this chapter."

Appellant insists that the above is broad and inclusive and contemplates the settlement of all questions involved. Appellee insists that by the above section of the statute the jurisdiction of the Board is fixed and that the question here is outside the jurisdiction of the Board. It is insisted that if appellant's construction should be adopted, then the Board would have jurisdiction of all disputes, and consequently, exclusive original jurisdiction to determine such questions as insurable interest; the construction of various clauses of the policy contract; questions as to misrepresentation or fraud in procuring the policy; cancellation and forfeiture of the policy, and all other like questions which are purely judicial questions. With this contention we cannot agree as those questions are not raised for determination here. The question here is narrowed to that of whether the relationship of insurer and insured existed. It is insisted that the Legislature has neither expressly nor impliedly shown any intent other than to make the Board a purely administrative board.

Let us look a bit further at other provisions of the Workmen's Compensation Act. It will be observed that KRS 342.340 provides:

"Every employer under this chapter shall either insure and keep insured his liability for compensation hereunder in some corporation, association or organization authorized to transact the business of workmen's compensation insurance in this state or shall furnish to the board satisfactory proof of his financial ability * * *."

We call attention to the words "authorized to transact the business of workmen's compensation insurance in this state."

We note further in KRS 342.370:

"Every policy for the insurance of compensation or against liability therefor, shall be considered to be made subject to this chapter. No corporation, association or organization shall enter into any such policy of insurance unless its form has been approved by the board."

In KRS 342.360 the requirement is set out:

"* * * and that the insurer shall in all things be bound by and subject to the awards, judgments or decrees rendered against the insured."

KRS 342.365 provides:

"No policy of insurance against liability for compensation arising under this chapter shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled to it all benefits conferred by this chapter and all installments of the compensation that may be awarded or agreed upon, and that the obligation shall not be affected by any default in the giving of any notice required by such policy, or otherwise. This agreement shall be construed to be a direct promise by the insurer to the person entitled to compensation, enforceable in his name."

Thus we see that the insurance carrier, qualified to operate and to transact the business of workmen's compensation insurance, becomes circumscribed by and subject to the Workmen's Compensation Act. Under the above provisions the insurance carrier then becomes necessarily an interested party to any decision or award made by the Board. If it is proper to make the insurance company a party to the original application for compensation and seek therein to enforce liability against it, certainly its rights may be determined, as much so as those of the employer. It could not be plausibly said that the employer could not raise the question as to whether or not the relation of employer and employee existed. One of the first questions arising when a claim is filed is whether or not the employer had elected to operate under the Workmen's Compensation Act, or whether or not the claimant had signed the compensation register. Likewise, the insurance carrier can raise for determination the question as to whether or not there was at the time a valid, outstanding policy issued by it covering the employer. This seems to be the logical and prevailing

rule although some jurisdictions take the opposite view. See 127 A.L.R. Annotations, page 473.

The claimant made the insurance carrier a party defendant. The insurance carrier, defending, maintained it had issued no policy of insurance covering the claimant's employer and introduced proof to establish this fact. The claimant in no way countered this claim.

We conclude, therefore, that the Board's decision was correct and that the court improperly adjudged the Board to be without authority to decide the above question.

Wherefore, the judgment is reversed with directions to enter judgment in conformity herewith.