282 A.2d 594.

THE HOME INDEMNITY INSURANCE COMPANY *vs.*
THE TRAVELERS INSURANCE COMPANY.

OCTOBER 20, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a petition more or less of first impression. It was filed with the Workmen's Compensation Commission as a consequence of circumstances which can be succinctly summarized.

On October 1, 1968, petitioner succeeded respondent as compensation carrier for First National Stores. Subsequent to said October 1, 1968, an employee of First National Stores filed an original petition for compensation benefits and was adjudged to have been totally incapacitated since June 5, 1969. This incapacity was found to have resulted from an occupational back strain arising from the peculiar characteristics of his employment with First National Stores.

Accordingly, a final decree awarding the applicable benefits was entered February 4, 1970. This decree was not appealed.

However, at the hearing on employee's original petition, the evidence establishing employee's incapacity also tended to establish that the work-related disabling condition, although not culminating in incapacity for work until after October 1, 1968, had commenced and advanced during a period when respondent was compensation carrier for First National Stores.

Consequently, in light of this evidence, petitioner on February 26, 1970, filed the instant petition which is entitled "Petition to Apportion Liability."

This petition, premised on the doctrine of unjust enrichment, sought to have the commission apportion liability between petitioner, who represented First National Stores when the employee became actually incapacitated, and respondent, as employer's insurer during a period that the employee's incapacitating condition commenced and advanced.

The petition was heard by a single commissioner who denied and dismissed for lack of jurisdiction. On appeal, the full commission affirmed, and a final decree was accordingly entered. From this decree petitioner appealed to this court.

As heretofore noted, the peculiarity of the instant petition presents a novel question. However, in *Woods* v. *Safeway System, Inc.*, 102 R. I. 493, 232 A.2d 121 (1967), this court was confronted with the question of whether the Workmen's Compensation Commission could order repayment to an employer of benefits paid under a decree subsequently found by this court to be erroneous. There, we held that the commission had only such authority as had been conferred upon it by the Legislature.

There, as here, redress to the commission was predicated on unjust enrichment. Although recognizing the injustice of which employer complains, we nevertheless held, in essence, that the Workmen's Compensation Commission had

neither express nor necessarily implied legislative authority to adjudicate claims so predicated. It is our judgment, therefore, that *Woods* v. *Safeway, supra,* is dispositive of the instant proceeding. *See also Boccarossa* v. *Nationwide Mutual Ins. Co.,* 104 R. I. 711, 248 A.2d 593 (1968).

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

*Gunning, LaFazia, Gnys & Selya, George E. Healy,* for petitioner.

*Keenan, Rice, Dolan & Reardon, H. Eliot Rice,* for respondent.