MOTORISTS MUTUAL INSURANCE
COMPANY, Appellant,

v.

Harold A. TERRY, d/b/a Terry's Sunoco
Service Station, et al., Appellees.

WORKMEN'S COMPENSATION BOARD
et al., Cross-Appellants,

v.

MOTORISTS MUTUAL INSURANCE
COMPANY, Cross-Appellee.

Supreme Court of Kentucky.

May 7, 1976.

William A. Miller, Louisville, for appellant and cross-appellee.

Shelby T. Denton, Owensboro, Richard H. Schulten, Donald H. Smith, Louisville, for appellees and cross-appellants.

PALMORE, Justice.

Motorists Mutual Insurance Company appeals from a judgment of the Jefferson Circuit Court dismissing its suit for a declaratory judgment against Harold A. Terry, James D. Hamlet and the Workmen's Compensation Board. The Board cross-appeals from the judgment insofar as it did not award damages occasioned by a restraining order the insurance company had obtained against the Board at the inception of the proceeding.

■ Assuming that the insurance company was liable for any costs and damages suffered by the Board by reason of the restraint, cf. CR 65.05(1), we are not disposed to reverse the judgment on the Board's cross-appeal.

The restraining order merely directed the Board not to adjudicate whether the insurance company had a workmen's compensation policy covering the claim of Hamlet against Terry then pending before the Board. It could not have precipitated any substantial costs and damages upon the Board except for the expenses of having it lifted. All of the members of the Board were attorneys. According to the papers and documents in the record, including the briefs, it has been solely represented throughout this proceeding by one of its members. Hence it cannot have incurred any counsel fee, nor need it have done so anyway, as the services of the Attorney-General or a departmental attorney were available to it.

■ The chancellor at first dismissed the action on the basis of improper venue, based on the last sentence of KRS 342.240, which reads: "Unless consented to by the board, all actions or proceedings against it or a member in his official capacity as such shall be brought in the courts of Franklin County." Terry and Hamlet having failed to answer, however, the insurance company moved for entry of a judgment dismissing the Board but declaring as to Terry and Hamlet that the company had no workmen's compensation insurance covering Hamlet's claim against Terry and would not be liable for any benefits awarded in the compensation proceeding. The motion was denied and the action was dismissed as to all defendants.

It was the opinion of the chancellor that *Lawrence Coal Company v. Boggs*, 309 Ky. 646, 218 S.W.2d 670, 672 (1949), is directly in point. That case holds that just as the Board can determine whether an employment relationship existed between the claimant and the alleged employer, so also may it determine an insurance company's rights in a compensation proceeding. It does not, however, answer the question of whether the insurance company may have its exposure to liability determined in separate litigation. The company concedes the Board's jurisdiction in the premises, but contends it is not exclusive.

The principle that a declaratory judgment proceeding will not be entertained to determine rights already in litigation has been applied to questions within the jurisdiction of an administrative body before which they are pending. *Pritchett v. Marshall*, Ky., 375 S.W.2d 253, 257 (1964). The issue of coverage being within the jurisdiction of the Board, as held in *Lawrence Coal Co. v. Boggs, supra*, there is no compelling reason why it should be entertained in a declaratory judgment proceeding, and there is a good and sufficient policy consideration

to the contrary. The Workmen's Compensation Act is for the benefit of workmen, who often do not have the financial means demanded by conventional litigation. They should not be required to fight on two fronts, and it is not necessary to a proper resolution of the insurance company's rights that they be required to do so. Although in this instance the Board has passed the company's motion for a dismissal to the merits, if its position is sound there is no reason to suppose that the Board will not in due course resolve the matter accordingly, and if its action be erroneous the company's right to have it rectified by a court of law, through an appeal to the appropriate circuit court (KRS 342.285), will be in no way diminished.

The judgment is affirmed.

All concur.