379 A.2d 924.

UNITED STATES FIDELITY AND GUARANTY COMPANY *vs.*
TOWN OF WEST WARWICK.

NOVEMBER 21, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM.   This is an appeal by the petitioner from a
decree of the Workmen's Compensation Commission (the
commission) dismissing its petition for lack of jurisdiction.
The commission held that it is not the proper forum for the
resolution of a dispute between the insurer and the insured
regarding the reimbursement provisions of a workmen's
compensation insurance contract.

Workmen's compensation proceedings are entirely
statutory. The commission's jurisdiction and the rights of
the parties are governed by the provisions of the Workmen's
Compensation Act G.L. 1956 (1968 Reenactment) §28-31-1
et seq. This court has, heretofore, strictly limited the

jurisdiction of the commission to disputes between the employer and the employee. *See Home Indem. Ins. Co.* v. *Travelers Ins. Co.,* 109 R.I. 162, 163, 282 A.2d 594, 595 (1971); *Woods* v. *Safeway Sys., Inc.,* 102 R.I. 493, 495, 232 A.2d 121, 122 (1967).

The petitioner here seeks to have the commission interpret the terms of an insurance contract between the insurer and the insured. The determination in no way affects the injured employee. After examining the Act, §§28-35-12 and 28-30-13, in particular, we find that there is no provision therein that expands the jurisdiction of the Workmen's Compensation Commission to encompass such disputes solely on the basis that the state or any political subdivision thereof may be a party.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workmen's Compensation Commission.

*Gunning, LaFazia & Gnys, Inc., Raymond A. LaFazia,* for petitioner.

*John S. Brunero,* Town Solicitor, for respondent.