Charles D. WILCOX and William C. Renick, Appellants,

v.

BOARD OF EDUCATION OF WARREN COUNTY, Kentucky, and David O. Flahardy, Appellees.

No. 88–CA–693–MR.

Court of Appeals of Kentucky.

May 5, 1989.

222

Lee Huddleston, Huddleston Bros., Brian Reeves, Bowling Green, for appellants.

William J. Rudloff, Harlan, Parker & Rudloff, Quinten B. Marquette, Bell, Orr, Ayers & Moore, Bowling Green, for appellees.

Before HOWERTON, C.J., and MILLER and REYNOLDS, JJ.

HOWERTON, Chief Judge.

This is a second, but separate, appeal arising from a decision in the Warren Circuit Court wherein Charles Wilcox was awarded $1,369,832.63 and William Renick was awarded $197,203.05, jointly and severally, against the Board of Education of Warren County, Kentucky, and David O. Flahardy. The first appeal was filed by the Board and Flahardy against the basic judgment and award of damages. Wilcox and Renick now appeal from an order of the Warren Circuit Court ruling that the supersedeas bonds filed to stay execution on the first appeal are sufficient. The Board posted bonds on its behalf and on behalf of Flahardy in the amount of $500,-000 for the claim of Wilcox and in the full amount of $197,203.05 plus costs and interest for the claim of Renick. The bonds were underwritten by Fidelity and Deposit Company of Maryland, and they were executed on AOC Form 79–155 and approved by the clerk of the Warren Circuit Court.

In the case of Wilcox, the supersedeas bond was accepted in the sum of $500,000, which leaves a total of $869,832.63 unsuperseded. The trial court held a hearing on Wilcox's motion challenging the sufficiency of the bond and found that State Farm Mutual Insurance Company had limited its insurance policy liability to $500,000 per person under a fleet schedule. The school board would not be liable for any uninsured excess because of its sovereign immunity. The court determined that Flahardy was allowed to proceed without filing a bond pursuant to CR 81A. Wilcox and Renick also argued that State Farm should be liable for the full amount of the judgment based on a bad faith failure to settle its claim within the policy limits and other allegations, but the trial court ruled that these arguments were premature at that time. Wilcox and Renick present nine issues for our determination, and we will consider them in the order in which they are presented to us.

■ The first question raised by the appellants is whether Flahardy is relieved of any requirement to fully supersede the judgment against him. Since the second question is whether Flahardy is an "officer" within the intent of CR 81A, we will consider the first two arguments together.

We can only conclude that Flahardy is fully liable for either or both judgments to the extent that they are not or cannot be satisfied by the school board. In making this determination, we also conclude that he is not an "officer" within the meaning and intent of CR 81A. As the judgment against the Board and Flahardy was joint and several, either party may be held completely responsible for the entire amount. Although the bond provided by the Board for Renick's claim can fully satisfy the amount owing, such is not the case for the Wilcox judgment. Flahardy can be liable for any unsatisfied portion of that judgment and, in order to prevent execution

against his personal estate pending appeal, he would need to post bond for the unsuperseded amount of the Wilcox judgment.

CR 81A provides in pertinent part:

Whenever a bond is or may be required by these rules in order to take any proceeding, to indemnify any party, or to stay proceedings under or the enforcement of a judgment, such requirement shall not apply to ... the commonwealth or any of its municipal corporations or political subdivisions, or any of their agencies or officers acting for or on their behalf.

We cannot agree that CR 81A exempts Flahardy. The term "officer" means, "one who holds an office: one who is appointed or elected to serve in a position of trust, authority, or command especially as specifically provided for by law ...—distinguished from employee and sometimes from official." *Webster's Third New International Dictionary* (Unabridged Ed. 1966), p. 1567.

Flahardy was employed as a bus driver. This is in no way any official capacity or as an officer of the board of education. He was sued for his own negligent acts, and his personal assets, rather than the assets of any governmental unit, are expected to satisfy his part of the judgment, subject to any support by way of any indemnity or contribution he might receive from the employer.

We disagree with the trial court on this point, and we are unpersuaded in any way by the court's suggestion that it would be illogical to allow the rule to apply to a school superintendent who might be operating the bus, but not to the person regularly employed to operate the bus. In our opinion, Flahardy was an employee and not an officer, and CR 81A does not apply for his benefit. On this point, the order of the trial court is reversed.

■ Wilcox and Renick next ask whether State Farm is the real party in interest thereby obviating the application of CR 81A. Our answer is, "no." Although it is State Farm's insurance coverage which will satisfy the judgment on behalf of the school board, and the Board will have no legal obligation to pay the uninsured portion of the judgment, the Board is nevertheless the real party in interest in the appeal. It is the school board which is obligated to supersede the judgment and not State Farm.

The question concerning the real party in interest is essentially moot in that the Board and Flahardy have posted the bonds. The only real question applies to Flahardy concerning the necessity for him to post a bond and whether the insurance provided by State Farm is in fact limited to $500,000 under the insurance contract. This raises the next question.

Wilcox and Renick next ask whether State Farm has limited its liability to $500,000 per individual. The policy has a limit of $2,000,000 for bodily injury liability per accident, but the trial court held that the $500,000 bond limit was adequate for the supersedeas. We are not saying, however, that the individual liability is definitely limited to $500,000. When the time comes for collection of a final judgment, a determination can be made as to the actual policy which was in effect at the time of the accident. If the proof indicates that the policy limit per individual was greater than $500,000, this fact may strongly affect any issue of bad faith by the insurance company for failure to settle or failure to provide an adequate defense by not staying enforcement of the judgment.

■ Defense and payment are separate, but distinct, duties of an insurance carrier. *Ursprung v. Safeco Ins. Co. of Am.*, Ky., 497 S.W.2d 726 (1973). State Farm's policy covered Flahardy as driver of the school's bus. A proper defense includes a proper appeal, and a judgment should be stayed during the appeal. Since a supersedeas guarantees satisfaction of a judgment, however, the glitch in this problem is that the insurance carrier need not commit to satisfying more than the amount it is obligated to pay. This would generally be the policy limit, but in the proper case, it might be affected by bad faith dealing or a failure to properly settle within the limits of the insurance policy. This brings us to the next question.

Wilcox and Renick ask if State Farm's bad faith failure to settle within the $500,-

000 claimed policy limits obligates it to supersede the full amount of the judgment. This, too, is a question we cannot answer on this appeal. It is an issue which must be determined by some future trial proceeding which should include State Farm as a party. It is not ripe for our determination.

The next question is likewise not ripe for our determination. The appellants question whether the Board is misstating its insurance coverage and at the same time asserting that Wilcox and Renick did not offer to settle within the policy limits.

The appellants next question whether State Farm is estopped to deny full coverage because it undertook the defense of the defendants without filing any reservation of right. We agree with State Farm that, since it was never joined as a party to this appeal, this issue should not be addressed at this time.

The last two issues concern the sufficiency of the surety on the bonds and compliance with CR 73.04. We will summarily conclude these issues by stating that the circuit clerk properly accepted Fidelity and Deposit Company of Maryland as surety and that the bond form was properly completed under the circumstances in this case.

Some of the issues raised by this appeal may be moot by the time this opinion is rendered, because our opinion deciding the companion appeal will be rendered at approximately the same time. Nevertheless, on remand, most questions must be resolved in the event the appellate process continues for the first appeal through discretionary review in the Supreme Court. Clearly, State Farm must be added as a party and the trial court must determine the questions of coverage and bad faith.

The order of the Warren Circuit Court is AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for further proceedings consistent with this opinion.

All concur.