**CUSTARD INSURANCE ADJUSTERS, INC.; and CNI Appellants**

v.

**Paul F. ALDRIDGE; Sam Oxley & Company, Inc.; Kentucky Associated General Contractors Self–Insurers' Fund; Ladegast & Heffner; and Workers' Compensation Board Appellees**

No. 2000–SC–1121–WC.

Supreme Court of Kentucky.

Sept. 27, 2001.

T. Steven Poteat, Wilson, Wilson & Plain, Owensboro, Counsel for Appellants.

Christopher G. Safreed, Moore, Malone & Safreed, Owensboro, Counsel for Appellee Aldridge.

Ronald M. Sullivan, Sullivan, Mountjoy, Stainback & Miller, PSC, Owensboro, Counsel for Appellees Sam Oxley & Co., Inc.; Ky Associated General Contractors Self–Insurers' Fund; and Ladegast & Heffner.

## OPINION OF THE COURT

The claimant, a resident of Indiana, sustained a work-related injury on June 20, 1995, while working in Kentucky. His employer was an Indiana corporation that did business in Kentucky and maintained separate workers' compensation coverage for accidents that occurred in Kentucky.[1] In June, 1997, the claimant filed a claim in Kentucky, naming his employer and the administrator for the Indiana carrier as defendants. Shortly thereafter, the Kentucky carrier became involved and it, too,

---

1. Indiana coverage was provided by CNI and administered by Custard Insurance Adjustor, Inc.; whereas, Kentucky coverage was provided by Kentucky Associated General Contractors Self–Insurance Fund and administered by Ladegast & Heffner.

began paying TTD benefits and was joined as a defendant. The administrator for the Indiana carrier then moved to be reimbursed for benefits that it had paid erroneously. It alleged that it had thought that Indiana workers' compensation law would apply, that it was unaware of the employer's separate Kentucky coverage, and that it had paid temporary total disability (TTD) and medical benefits of nearly $155,000.00 through September 15, 1997, for which the Kentucky carrier was liable.

The sole question presented by this appeal is whether the Administrative Law Judge (ALJ) and the Workers' Compensation Board (Board) properly exercised jurisdiction over the question of reimbursement under these circumstances. Following a decision of the Court of Appeals that they did not and that the proper forum for this dispute was in circuit court, the Indiana carrier appeals.

At the prehearing conference, the parties stipulated to an average weekly wage of $515.59. They also stipulated to the payment of TTD benefits at the rate of $379.26 per week from August 18, 1995, through September 15, 1997, and at the rate of $343.71 per week from August 5, 1997, through March 9, 1998. Thus, the Indiana carrier paid benefits at a weekly rate that was $35.55 per week more than the rate that was paid by the Kentucky carrier, and both carriers paid TTD benefits during the period from August 5 through September 15, 1997.

From the outset of the administrative proceeding, the Indiana carrier sought reimbursement from the Kentucky carrier for all of the benefits that it had paid erroneously. The Kentucky carrier admitted that it was responsible for the payment of any award to the claimant, and it did not question, in principle, the Indiana carrier's right to reimbursement. It asserted, however, that because there was no dispute over coverage, the proper forum to decide the question of reimbursement was the circuit court, not an administrative agency. Furthermore, it asserted that it was entitled to credit the benefits that the Indiana carrier had paid against its own liability.

When the matter came before the ALJ, the Kentucky carrier, the administrator for the Indiana carrier, and the employer were parties-defendant. At issue were the extent and duration of disability; the extent of prior, active disability; appropriate temporary total disability; and whether the ALJ had jurisdiction to rule on the Indiana carrier's claim for reimbursement from the Kentucky carrier. The ALJ determined that the claimant was totally disabled but that 30% of the disability was active before the injury. Exercising jurisdiction over the question of reimbursement, the ALJ ordered the Kentucky carrier to reimburse the Indiana carrier for all of the TTD and medical benefits that it had paid. The award gave the employer and the Special Fund credit "for any compensation heretofore paid."

The award did not address whether benefits were paid under Indiana law or contain the appropriate weekly rate for the payment of TTD benefits, and no party requested specific findings on those matters when petitioning for reconsideration. Furthermore, the award did not address whether there was a period during which the compensable injury, by itself, caused the claimant to be totally disabled.

Although denying petitions for reconsideration by the carriers, the ALJ granted the claimant's request for a finding that he was totally disabled by the effects of his injury, by itself, up until he reached maximum medical improvement on March 9, 1998. His request for an award of TTD benefits through that date also was granted, but, again, the weekly rate at which the benefit was payable was not stated.

■ At the heart of this dispute is the scope of the subject matter jurisdiction of the Department of Workers' Claims. The jurisdiction of an administrative agency extends only to those matters that are delegated to it by the legislature. KRS 342.325 provides that "all questions arising under this chapter, if not settled by agreement of the parties interested therein... shall be determined by the [ALJ] except as otherwise provided in this chapter." A number of provisions in Chapter 342 address the relationships between employers, their insurance carriers, and injured workers, and several of them are relevant to a consideration of the matter at issue. In summary, they are as follows:

1.) KRS 342.305—permits any party in interest to enforce a final award in circuit court and gives the circuit court sole jurisdiction over its enforcement. *See Fruchtenicht v. U.S.F. & G.*, Ky., 451 S.W.2d 835 (1969); *Stearns Coal & Lumber Co. v. Duncan*, 271 Ky. 800, 113 S.W.2d 436 (1938); *Pierce v. Russell Sportswear Corp.*, Ky.App., 586 S.W.2d 301 (1979).

2.) KRS 342.340—requires that every employer must either insure or otherwise secure the payment of its workers' compensation liability.

3.) KRS 342.360—charges the insurer with the employer's notice or knowledge of the injury; provides that "jurisdiction of the insured for the purpose of this chapter shall be jurisdiction of the insurer;" and provides that "the insurer shall in all things be bound by and subject to the awards, judgments or decrees entered against the insured."

4.) KRS 342.365—requires workers' compensation insurance policies to contain an agreement by the insurer to promptly pay all benefits to those workers who are entitled to receive them and also provides that the agreement is to be construed as a direct promise between the insurer and the injured worker and that it is enforceable by the worker.

5.) KRS 342.375—makes every workers' compensation insurance policy subject to the provisions of Chapter 342 and allows the Department of Workers' Claims to authorize an employer to purchase a separate policy for a specified location.

Each of these provisions dates to before the inception of the Kentucky Revised Statutes and has remained substantially unchanged over the years.

■ Consistent with KRS 342.325, KRS 342.340, KRS 342.360, and KRS 342.365, we have determined that an insurance carrier may be made a party to the administrative proceeding and that the fact-finder has jurisdiction to decide questions affecting the insurer's obligation to pay workers' compensation benefits on behalf of its insured. Furthermore, having been made a party, an insurer may question whether or not it had issued a valid, outstanding policy that covered the employer at the time of the worker's injury. *Lawrence Coal Co. v. Boggs*, 309 Ky. 646, 650–52, 218 S.W.2d 670, 671–72 (1949).

■ In contrast, where the question at issue does not concern a matter of coverage but concerns whether an employer's insurance carrier has a duty to defend it against a workers' compensation claim, the dispute turns solely on the terms of the contractual relationship between the carrier and the employer. It has no effect whatsoever on the relationship or the obligations that exist between either the employer or its carrier and the injured worker whose claim is the subject of the administrative proceeding. Thus, the court has concluded that the matter does not arise under Chapter 342 and should be raised in circuit court rather than in the workers' compensation proceeding. *Wolfe v. Fidelity & Casualty Insurance*

*Company of New York,* Ky.App., 979 S.W.2d 118 (1998).

■ Although subrogation is an equitable remedy, KRS 342.700 provides that if an employer pays compensation for an injury for which the claimant also seeks damages for the negligence of a third party, the employer is entitled to subrogation. Thus, in an instance where the employer was a party to an agreement to settle a worker's suit against a third-party tortfeasor, and the agreement did not allocate the proceeds among items of damages, we determined that the ALJ had jurisdiction to do so. Our rationale was that the question of allocation arose under Chapter 342 because KRS 342.700 required the ALJ to grant the employer a subrogation credit. *Whittaker v. Hardin,* Ky., 32 S.W.3d 497 (2000). Like KRS 342.700, KRS 342.670(2) permits the employer to receive a subrogation credit equal to the amount of medical benefits and the "total amount of all income benefits" that the employer has paid under the workers' compensation law of another state. It is apparent that the purpose of KRS 342.670(2) is to prevent a duplication of benefits simply because the employer is liable for compensation in another state as well as in Kentucky. As noted earlier, in the instant case, the award did not address whether benefits were paid under Indiana law, and no party requested a specific finding concerning whether they were.

Larson, *Larson's Workers' Compensation Law,* §§ 150.04[1]-[2] (2001) address the question of jurisdiction over insurance-related questions. The Court relied upon these passages from an earlier edition of the treatise when deciding *Wolfe, supra.* They state, in pertinent part, as follows:

> The general rule appears to be that, when it is ancillary to the determination of the employee's right, the [administrative agency] has authority to pass upon a question relating to the insurance policy, including fraud in procurement, mistake of the parties, reformation of the policy, cancellation, existence or validity of an insurance contract, coverage of the policy at the time of injury, and construction of extent of coverage. Industrial Commissions and other *administrative agencies cannot be given unfettered jurisdiction in dealing with insurance carriers,* however.... This is, of course, in harmony with the conception of compensation insurance as being something more than an independent contractual matter between insurer and insured.... On the other hand, when the rights of the employee in a pending claim are not at stake, many commissions disavow jurisdiction and send the parties to the courts for relief. This may occur when the question is purely one between two insurers, one of whom alleges that it has been made to pay an undue share of an award to a claimant, and the award itself is not being under attack. Or it may occur when he insured and insurer have some dispute entirely between themselves .... (footnotes omitted)

■ In determining that the ALJ had jurisdiction to entertain the question of reimbursement, the Board noted that KRS 342.375 clearly granted the Department of Workers' Claims the power to authorize the employer to contract with different insurance carriers for work performed at different locations. It concluded that two different carriers became involved in this claim because of KRS 342.375 and, therefore, that the question of reimbursement arose under Chapter 342.

The Board's analysis overlooks the fact that the question of reimbursement was purely a dispute between two insurance carriers over benefits that had already been paid, and resolution of the matter did not involve a provision of Chapter 342.

Under those circumstances, we are persuaded that the dispute did not concern a question that arose under Chapter 342 and, therefore, that the ALJ and the Board did not have jurisdiction to resolve it.

The decision of the Court of Appeals is affirmed.

All concur.