**SOUTHEAST COAL COMPANY,**
Appellant

v.

**Peggy Lou MANSFIELD; Hon. J. Landon Overfield, Administrative Law Judge and Workers' Compensation Board, Appellees.**

No. 2006–SC–000678–WC.

Supreme Court of Kentucky.

Aug. 23, 2007.

Walter E. Harding, Boehl Stopher & Graves, LLP, Louisville, KY, Counsel for Appellant, Southeast Coal Company.

L. Davis Bussey Bussey & Fouts, Lexington, KY, Counsel for Appellee, Peggy Lou Mansfield.

## OPINION OF THE COURT

This appeal concerns an Administrative Law Judge's (ALJ's) order denying the claimant's post-award "Motion to Suspend Deductions from Plaintiff's Weekly Benefits." The Workers' Compensation Board set the decision aside on the grounds that the ALJ lacked jurisdiction under KRS 342.125 and that circuit court was the sole forum for enforcing an award. Nonetheless, it also found the decision to be erroneous under *Triangle Insulation and Sheet Metal Company v. Stratemeyer*, 782 S.W.2d 628 (Ky.1990). The employer appealed, but the Court of Appeals affirmed under *Stratemeyer* and declined to address whether the order exceeded the ALJ's authority under Chapter 342. Although we affirm, we do so on the grounds that the ALJ lacked jurisdiction under KRS 342.125 and that KRS 342.305 designates circuit court as being the sole forum for enforcing an award.

It is undisputed that the claimant was awarded total disability benefits on December 20, 1989, at the rate of $304.80 per week. Under then-existing law, the award required the employer to pay the entire benefit for a number of weeks equal to the initial half of the claimant's life expectancy (*i.e.*, from November 2, 1989, through March 13, 2008). It required the Special Fund to pay the entire benefit thereafter.

For some reason, the employer paid benefits erroneously at the rate of $340.85 per week for nearly 14 years before discovering the error. It notified the claimant on September 17, 2003, that her benefits would be reduced in order to recoup the overpayment, which it calculated to be $19,974.96. A subsequent letter from the employer, dated December 14, 2004, indicated that the adjustment had not yet been made; that the overpayment presently amounted to $21,168.00; that benefits would be reduced to a rate of $177.28 from December 29, 2004, through March 12, 2008, in order to recoup that amount; but that the Special Fund would begin to pay the full $304.80 per week as of March 13, 2008.

On May 25, 2005, the claimant filed with the Office of Workers' Claims a document styled as a "Motion to Suspend Deductions from Plaintiffs Weekly Benefits." She requested the entry of an order requiring the employer to reimburse her for the amounts deducted from her weekly benefits and to refrain from taking such deductions in the future. The employer objected, distinguishing *Stratemeyer, supra*, on the ground that it prohibits an ALJ from reducing a worker's future periodic benefits to offset a pre-award overpayment; whereas, post-award overpayments amount to advances of future benefits. Thus, *Stratemeyer* is inapplicable to post-award overpayments.

The ALJ determined that the claimant was unjustly enriched by the employer's accounting error and that to permit the employer to recoup the excess over the balance of its payment period was neither unfair nor contrary to the policy expressed

in *Stratemeyer, supra.* On that basis, the ALJ denied the motion and granted the employer leave to continue paying the reduced weekly benefit.

■ At the heart of this dispute is the scope of the subject matter jurisdiction of the Office of Workers' Claims and, hence, of the ALJ. Chapter 342 is a legislative creation. As noted in *Custard Insurance Adjusters, Inc. v. Aldridge,* 57 S.W.3d 284, 287 (Ky.2001), an administrative agency's jurisdiction extends only to matters that are delegated to it by the legislature. Relying on *Aldridge,* the employer argues that KRS 342.325 implicitly gives an ALJ the authority to clarify an award. The claimant does not dispute this assertion but argues that the ALJ made an arbitrary distinction between pre- and post-award overpayments and that *Stratemeyer, supra,* prohibits an employer from crediting an overpayment made at either time against future benefits.

KRS 342.325 states as follows:

"All questions arising under this chapter, if not settled by agreement of the parties interested therein ... shall be determined by the [ALJ] *except as otherwise provided in this chapter.*" (emphasis added).

■ The claimant did not seek an order to clarify the terms of her award but to require strict compliance with its terms. The legislature designated circuit court as being the proper forum for an action to enforce the terms of a final workers' compensation award. *Aldridge, supra* at 287, explains that not only does KRS 342.305 permit a party in interest to enforce a final award in circuit court; it also gives the circuit court sole jurisdiction over its enforcement.

Although KRS 342.125(1)(c) permits a party to invoke the jurisdiction of the Office of Workers' Claims to reopen and modify a final award on the ground of mistake, the claimant's award was neither erroneous nor the product of a mistake. In any event, KRS 342.125(8) limits the period for reopening an award entered before December 12, 1996, to four years after December 12, 1996. Because the award was entered before December 12, 1996, the parties' right to reopen on the ground of mistake expired on December 12, 2000. *Brooks v. University of Louisville Hospital,* 33 S.W.3d 526 (Ky.2000); *Meade v. Reedy Coal Co.,* 13 S.W.3d 619 (Ky.2000).

The opinion and award of December 20, 1989, is final and enforceable as a judgment. Under KRS 342.305, the sole forum for enforcing its terms is the Estill Circuit Court, the circuit court of the county in which the injury occurred. *See Custard Insurance Adjusters, Inc. v. Aldridge, supra; Palmore v. Swiney,* 807 S.W.2d 950 (Ky.App.1990); *Pierce v. Russell Sportswear Corp.,* 586 S.W.2d 301 (Ky.App.1979).

The decision of the Court of Appeals is affirmed.

All sitting. LAMBERT, C.J., and CUNNINGHAM, MINTON, NOBLE, SCHRODER and SCOTT, JJ., concur.