SOUTHERN KENTUCKY CONCRETE CONTRACTORS, INC.; and Southern Kentucky Construction Company, Inc., Appellants,

v.

Horace W. CAMPBELL, Special Fund, and Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Oct. 21, 1983.

As Modified Dec. 9, 1983.

Rehearing Denied Jan. 6, 1984.

John D. Minton, Jr., Norman E. Harned, Cole, Harned & Broderick, Bowling Green, for appellants.

William J. Rudloff, Bowling Green, Denis C. Kline, Dept. of Labor, Louisville, for appellees.

Before GUDGEL, HOWARD and PAXTON, JJ.

PAXTON, Judge.

Southern Kentucky Concrete Contractors, Inc.,[1] appeals from a judgment of the Warren Circuit Court that affirmed an opinion and award of the Workers' Compensation Board that awarded Horace Campbell benefits for 100% occupational disability, apportioned equally between Southern and the Special Fund.

Campbell was employed by Southern as a concrete worker from July, 1978, through November 17, 1979. He did not work on a regular basis and worked about 6 months during each year. Prior to this employment

---

1. By Board order dated February 12, 1981, the application for adjustment of claim, filed on January 14, 1981, was amended to reflect the proper name of the employer as Southern Kentucky Concrete Contractors, Inc., instead of Southern Kentucky Construction Coal, Inc. The adjustment of claim was further amended to provide that the insurance carrier for Southern Kentucky Concrete Contractors, Inc. is Employers Mutual Liability Insurance Company.

he had worked approximately 24 years doing heavy labor, primarily as a concrete worker for other companies.

The Board found as a fact that Campbell's average weekly wage was $180.00 and that "in 1979 while working during April, he developed back and hip pain together with weakness and spasm (sic) which caused him to fall". The Board further found that there was not a single incident which caused Campbell's disability. Southern makes three contentions:

1. There was not sufficient evidence in the record from which the Workers' Compensation Board could find that Campbell was suffering from a permanent total occupational disability as a result of any injury suffered in the course of his employment in April, 1979.

2. Even if Campbell did experience symptoms at work in April, 1979, the Board erred in finding a compensable injury.

3. The Board erred in its computation of the average weekly wage.

■ We believe there is sufficient reliable probative evidence in the record to support the findings of the Board that Campbell suffered a permanent, total, occupational disability that occurred during his lifetime of employment as a manual laborer; that this condition manifested itself in April of 1979; and that the Board correctly computed the average weekly wage of Campbell.

■ That leaves the only issue remaining for our consideration to be whether the Board erred in apportioning liability equally between the employer and the Special Fund. The Board found: (1) that Campbell did not suffer from any occupational disability immediately prior to the manifestation of his back problems in April of 1979; (2) that "the extent of occupational disability attributable to the injury which became manifest April, 1979 alone is 50%"; and, (3) that the remaining "50% of plaintiff's occupational disability is the result of arousal of a dormant, non-disabling disease or condition into disabling reality."

Because Campbell's pre-existing condition is attributable to his hard manual labor, KRS 342.120(3) is not applicable. *Haycraft v. Corhart Refractories Co.*, Ky., 544 S.W.2d 222 (1977). The Board relied upon *Young v. Fulkerson*, Ky., 463 S.W.2d 118 (1971), in apportioning the liability; we believe that the proper method of apportionment is that set out in *Haycraft, supra:*

> We are therefore of the opinion that if it be found, or should be found, that the nature and duration of the work properly aggravated a degenerative disc condition to the degree that it culminated in an active physical impairment sooner than would have been the case had the work been less strenuous, to that extent the pre-existing condition is itself an injury as now defined in KRS 342.620(1) and that compensation for a disability to which it has contributed should be apportioned between the employer and the Special Fund as follows: (1) to Special Fund, that portion of the disability that probably would exist regardless of the work; (2) to the employer, the remainder, being the percentage attributable to the work.

*Id.* at 225.

In *Haycraft*, the Court apportioned liability to the employer based upon the percentage of disability attributable to the work. Haycraft spent his entire career with one employer, but Campbell, in the instant case, spent only a small part of his career with Southern. We believe that the "work" referred to in *Haycraft* is the "work" that occurred while the claimant was in the employ of that company.

We are therefore of the opinion that this case should be remanded to the Workers' Compensation Board with directions to determine the percentage of Campbell's disability attributable to the work performed by him while employed by Southern, and Southern is to be liable to that extent. Absent evidence to the contrary, Southern shall be liable for that percentage of Campbell's disability which is equal to the percentage of Campbell's worklife spent with

Southern. The remainder of his disability is the responsibility of the Special Fund.

The judgment of the Warren Circuit Court is affirmed in part and reversed in part, and this action is remanded to the Warren Circuit Court with instructions to remand it to the Workers' Compensation Board for further proceedings consistent with this opinion.

HOWARD, J., concurs.

GUDGEL, J., dissents.

GUDGEL, Judge, dissenting:

I dissent. In my opinion, the evidence in the record is insufficient to support an award of benefits. In a case involving a degenerative back condition, the test of whether the condition is work-related is enunciated in *Haycraft, supra:*

> [I]f it be found, or should be found, that the nature and duration of the work probably aggravated a degenerative disc condition to the degree that it culminated in an active physical impairment sooner than would have been the case had the work been less strenuous, to that extent the pre-existing condition is itself an injury as now defined in KRS 342.620(1).

Here, the medical testimony established that appellee's back condition was primarily the result of inherited traits. Some doctors testified that appellee's work as a laborer aggravated his symptoms. However, only one was willing to suggest that appellee's work may have resulted in his being disabled by his back condition sooner than would otherwise have been the case, and that doctor later acknowledged that he could not be certain that appellee's disability did not result solely from normal aging processes. Thus, in my view, no substantial evidence exists to support a Board finding that appellee's back condition culminated in an active physical impairment sooner than would have been the case had the work been less strenuous. Therefore, I would reverse the judgment of the circuit court and remand the case with directions that it be remanded to the Board with directions to dismiss the claim.