John Calhoun WELLS, Secretary of Labor Cabinet (Special Fund), Appellant,

v.

Donald BAILEY; Courier-Journal and Louisville Times Company; and the Workers' Compensation Board, Appellees.

and

COURIER–JOURNAL AND LOUISVILLE TIMES COMPANY, Cross-Appellant,

v.

Donald BAILEY, Kentucky Workers' Compensation Board; and Special Fund, By and Through John C. Wells, Secretary, Labor Cabinet, Cross-Appellees.

Court of Appeals of Kentucky.

Nov. 1, 1985.

Douglas U'Sellis, Louisville, for appellant/cross-appellee, John Calhoun Wells, Secretary of Labor Cabinet (Special Fund).

Robert L. Catlett, Jr., Louisville, for appellee/cross-appellee, Donald Bailey.

J. Baxter Schilling, Louisville, for appellee/cross-appellant, Courier-Journal and Louisville Times Co.

Before HAYES, COMBS and HOWERTON, JJ.

COMBS, Judge.

The Special Fund appeals from a Jefferson Circuit Court opinion and order reversing the Workers' Compensation Board. The employer, Courier-Journal and Louisville Times Company, cross-appeals from that same order.

Appellee/cross-appellee, Donald Bailey, began working for the Courier-Journal as a pressman in July 1954. He reports repeated injuries to his back, the last on April 1, 1980. Bailey filed for workers' compensation benefits on October 28, 1982.

On September 19, 1983, the Workers' Compensation Board issued its opinion and award, finding that Bailey had sustained an occupational disability of 100%, based on medical diagnosis of osteoarthritis. The Board found that the April 1980 injury could not have caused the entire disability and ruled that the employer would be responsible for 25% of the award, and the Special Fund 75%, based on the arousal of a dormant, nondisabling disease or condition into disabling reality.

The Courier-Journal appealed to the Jefferson Circuit Court. On June 4, 1984 the Court entered an opinion and order affirming the finding of total disability but reversing the apportionment, placing all liability for the award on the Special Fund.

On appeal before this Court, the Special Fund argues that the apportionment of 25% liability to the employer was correct and that the trial court erred in reversing that finding. In the alternative they allege that if the employer is dismissed from liability on the basis that Bailey's disability did not result in any way from his employment, then no basis for an award exists and the Fund as well as the employer should be dismissed. We disagree with the last contention. However, the trial court erred in reversing the apportionment of the Board. It is apparent that the trial court substituted its findings for that of the Board. Dr. Badenhausen clearly and unequivocally apportioned the impairments when he said "[O]n the pre-existing 75% and 25% on the acute." It should therefore have been apparent to the trial court as it is to this panel that the order and award of the Board was not clearly erroneous on the basis of reliable, probative and material evidence contained in the whole record.

On its cross-appeal, the Courier-Journal and Louisville Times Company contends that Bailey's entire functional disability is solely the result of pain from his underlying, non-work-related osteoarthritis, and therefore pursuant to *Pierce v. Kentucky Galvanizing Co.*, Ky.App., 606 S.W.2d 165 (1980), the award of any benefits should be reversed. Alternatively, they are willing to let the Special Fund bear all liability for the award.

Bailey testified to repeated back injuries on the job in the course of his twenty-five years of daily lifting and bending for the employer. Dr. Hargadon stated that although the x-ray findings would be the same if Bailey was a pencil pushing ac-

countant, that his condition would not be symptomatic with as great a frequency had he performed office work as opposed to work as a pressman. Obviously the injuries and the nature of his work aroused symptoms of the underlying condition—the exact type of situation in which apportionment of the award is called for.

The Board did not err in its findings, and its award and apportionment must be upheld.

The opinion and order of the Jefferson Circuit Court is reversed, and the case remanded for entry of an order in conformity with this opinion.

All concur.