RENDERED:  NOVEMBER 17, 2023; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1298-MR

MONNICA T. WILLIAMS, PHD.                                    APPELLANT

v.                  APPEAL FROM FRANKLIN CIRCUIT COURT
                    HONORABLE THOMAS D. WINGATE, JUDGE
                    ACTION NO. 22-CI-00564

COMMONWEALTH OF KENTUCKY,
PUBLIC PROTECTION CABINET,
DEPARTMENT OF PROFESSIONAL
LICENSING, BOARD OF
EXAMINERS OF PSYCHOLOGY;
AND COMMONWEALTH OF
KENTUCKY, PUBLIC PROTECTION
CABINET, OFFICE OF
ADMINISTRATIVE HEARINGS                                      APPELLEES

OPINION
REVERSING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND MCNEILL, JUDGES.

ACREE, JUDGE:  Appellant, Dr. Monnica Williams, appeals the Franklin Circuit

Court's October 10, 2022 Order granting Appellees' motion to dismiss her petition

for a writ of prohibition.  We reverse.

## BACKGROUND

The Board of Examiners of Psychology (the Board) licensed Dr. Williams to practice psychology in Kentucky. In 2016, Dr. Williams supervised the limited practice of a post-doctoral candidate, Dr. Russell. Because of a grievance filed against Dr. Russell – for alleged misconduct that occurred in a Jefferson Family Court matter – the Board initiated disciplinary proceedings against Dr. Williams as the licensed supervising psychologist. Those proceedings began in October 2019.[1]

When the Board initiated the proceedings, three-and-a-half years after the conduct in question, Dr. Williams no longer held a license to practice psychology in Kentucky. She chose not to renew her license and the Board canceled her on June 16, 2018, for non-renewal pursuant to KRS[2] 319.071. Dr. Williams has lived in Ontario, Canada, since 2016 and currently holds a license to practice psychology in Ontario, Connecticut, Pennsylvania, and Virginia. In October 2019, she held no license to practice psychology in Kentucky, was not an applicant seeking licensure, and no complaints were filed against her alleging she practiced psychology without a license.

---

[1] The Board did not impose formal discipline on Dr. Russell for his actions alleged in the underlying grievance.

[2] Kentucky Revised Statutes.

In response to the Board initiating disciplinary proceedings against her, Dr. Williams filed a motion to dismiss the Board's complaint, arguing the Board lacked jurisdiction to proceed. The Hearing Officer agreed and concluded the Board lacked subject-matter jurisdiction to discipline Dr. Williams. The Hearing Officer reasoned that, by reading KRS 319.082 and KRS 319.092 together, the Board may only discipline those who are licensed to practice psychology or those who are seeking a license to practice psychology from the board. The Board rejected the Hearing Officer's recommendation and continued with the disciplinary hearing anyway.

In response to the Board's decision to continue, Dr. Williams initiated this legal action. On July 20, 2022, Dr. Williams petitioned for a writ of prohibition against the Board in the Franklin Circuit Court, alleging the Board was acting without subject-matter jurisdiction. The Board filed a motion to dismiss this action, which the Franklin Circuit Court granted because it concluded KRS 319.118(3) gives the Board subject-matter jurisdiction. This appeal follows.

## ANALYSIS

Writs are extraordinary remedies. *Allstate Prop. & Cas. Ins. Co. v. Kleinfeld*, 568 S.W.3d 327, 331 (Ky. 2019) (citing *Caldwell v. Chauvin*, 464 S.W.3d 139, 144-45 (Ky. 2015)). Consequently, courts are "cautious and conservative both in entertaining petitions for and in granting such relief." *Bender*

-3-

*v. Eaton*, 343 S.W.2d 799, 800 (Ky. 1961). For this reason, writs "are reserved exclusively for those situations where litigants will be subjected to substantial injustice if they are required to proceed." *Indep. Order of Foresters v. Chauvin*, 175 S.W.3d 610, 615 (Ky. 2005).

Further, we note that there are two types of writs, *i.e.*, writs of the first class and writs of the second class.

> A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004) (emphasis omitted). At issue in this appeal is a writ of the first class; Dr. Williams alleges the Board is proceeding without subject-matter jurisdiction.

A writ of the first class requires a determination of subject-matter jurisdiction; *i.e.*, whether a court may hear a "kind of case[.]" *Davis v. Wingate*, 437 S.W.3d 720, 725 (Ky. 2014) (citations omitted). Thus, the crux of this appeal is whether the Board has subject-matter jurisdiction to proceed despite the Board's cancelation of Dr. Williams' license a year-and-a-half before the discipline proceedings began.

Administrative agencies such as the Board are strictly creatures of statute. *Dep't for Nat. Res. & Env't Prot. v. Stearns Coal & Lumber Co.*, 563 S.W.2d 471, 473 (Ky. 1978). Being creatures of statutes, administrative agencies "must find within the statute warrant for the exercise of any authority which they claim." *Id.* The Board claims to find such authority in KRS 319.082 and KRS 319.092.

Pursuant to KRS 319.082, "[t]he [B]oard may suspend, revoke, or refuse to issue or renew a license; may accept an assurance of voluntary compliance; restrict, or place a credential holder on probation; or issue an administrative reprimand or private admonishment upon proof that the credential holder has [committed any action in the enumerated list found in the statute]." KRS 319.082(1)(a)-(s). Additionally, KRS 319.092 empowers the Board to punish a *credential holder* by, among other things, revoking or suspending the license, imposing a monetary penalty, or placing the credential holder on probation. KRS 319.092(3)(a)-(g). The statute thus unambiguously provides that the Board may punish those who hold a license, are applying for a license, or are practicing psychology without a license. At the time of the disciplinary proceedings, Dr. Williams fit none of those three categories.

However, KRS 319.118(3) says: "The surrender of a license shall not serve to deprive the board of jurisdiction to proceed with disciplinary actions

-5-

pursuant to this chapter." KRS 319.118(3). The Board argues this statute gives the Board the power to initiate a disciplinary proceeding against Dr. Williams because at one point the Board did license her, and its cancelation of her license pursuant to KRS 319.071 is equivalent to its voluntary surrender by the doctor.

Dr. Williams, on the other hand, argues the word "proceed" in this statute refers to the continuation of proceedings that already began against a license holder prior to its surrender or cancelation.

Under Dr. Williams' reading of the statute, the statute only prohibits someone from voluntarily surrendering a license as a means of escaping punishment for misconduct *after* proceedings have begun. This interpretation, however, would allow someone to commit misconduct and surrender the license before the Board is aware of it, thereby avoiding punishment.

Our analysis requires interpreting the General Assembly's intent underlying the legislative scheme; that is, what does KRS 319.118(3) mean? That requires defining terms such as "surrender" and "proceed" in a way that does not lead to an absurd result.

Courts "have a duty to accord to words of a statute their literal meaning unless to do so would lead to an absurd or wholly unreasonable conclusion." *Bailey v. Reeves*, 662 S.W.2d 832, 834 (Ky. 1984); *see Cosby v. Commonwealth*, 147 S.W.3d 56, 59 (Ky. 2004). "General principles of statutory

construction hold that a court must not be guided by a single sentence of a statute but must look to the provisions of the whole statute and its object and policy." *Cnty. of Harlan v. Appalachian Reg'l Healthcare, Inc.*, 85 S.W.3d 607, 611 (Ky. 2002). "No single word or sentence is determinative, but the statute as a whole must be considered." *Id.* Additionally, "[i]n construing statutory provisions, it is presumed that the legislature did not intend an absurd result." *Cent. State Hosp. v. Gray*, 880 S.W.2d 557, 559 (Ky. 1994).

Turning to the plain language of the statute, the statutory scheme unambiguously allows the Board to punish practitioners of psychology for misconduct. Its power is limited to license holders, credential applicants, and those practicing without a license. KRS 319.082. It is undisputed that Dr. Williams did not belong to any category of individuals over whom the Board exercises authority when it initiated proceedings against her. However, by the plain meaning of the word "surrender" in this context – that is, to yield the possession of something – Dr. Williams did not surrender her license.

Pursuant to KRS 319.071, when a credential holder fails to renew his or her license within the allotted three-year timeframe, as Dr. Williams did here, "[t]he [B]oard shall *cancel* a license not renewed within three (3) months of the renewal date . . . . A credential holder whose license has been canceled shall not practice psychology until the license has been restored." KRS 319.071(1)

(emphasis added). Thus, by the plain language of the statute, credential holders do not surrender a license when they fail to renew their licenses; the Board cancels the non-renewed license. *Id.* The difference between surrender of license by a licensee and cancelation of a license by the Board is the actor.

In this context, to cancel means to annul or make something legally invalid or void. By operation of KRS 319.071, Dr. Williams did not surrender her license to the Board but merely allowed it to lapse. Upon that lapse, KRS 319.071 triggers the Board's duty to cancel her license. Thus, for purposes of KRS 319.118(3), Dr. Williams did not surrender her license.

Further, it is unclear on its face what exactly the word "proceed" means in the context of KRS 319.118(3). The plain meaning of the word "proceed" is to continue something, implying something has come before it, but the word can also mean to begin. However, we could potentially empower an absurd result if the word "proceed" only means to continue. As stated before, this could allow someone to commit misconduct and avoid penalties if they surrender the license before the Board has knowledge it should initiate disciplinary proceedings. Conversely, the Board could bring disciplinary charges against any previous license holder, in perpetuity, if the word "proceed" means to begin.

On its face, a plain reading of KRS 319.118(3) contemplates someone surrendering his or her license for the purpose of avoiding misconduct. By reading

the statute this way, someone who surrenders his or her license prior to the Board initiating proceedings against them would not be able to avoid punishment for their misconduct. This is because, read together, KRS 319.118(3) allows the Board to "proceed" with a disciplinary proceeding – proceed meaning to begin in this context – which prohibits someone from avoiding discipline for their misconduct. Therefore, a credential holder surrendering his or her license, and thereby falling outside the categories of individuals over whom the Board exercises authority, cannot defeat the Board's jurisdiction to proceed against them by surrendering their license.

However, as here, there is no evidence Dr. Williams surrendered her license, nor that she chose not to renew her license in order to avoid a disciplinary hearing. Pursuant to KRS 319.071(1), the Board had three months after Dr. Williams' failure to renew her license in which to determine whether to proceed against her – the Board took a year and a half to do so. To hold the Board had jurisdiction to initiate disciplinary proceedings here would require us, or the Board, to add language to KRS 319.118(3), and that is something neither the Board, nor this Court, may do. Only the General Assembly can add to or subtract from the powers enumerated to the Board in KRS Chapter 319.

The Board lacked subject-matter jurisdiction when it initiated proceedings against Dr. Williams.

## CONCLUSION

The Frankfort Circuit Court erred when it denied Dr. Williams' petition for the writ. Dr. Williams is entitled to a writ of the first class prohibiting the Board from initiating or conducting proceedings against her because the Board lack subject-matter jurisdiction. Accordingly, we reverse.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer L. Wintergerst
Emily Lineweaver
Louisville, Kentucky

BRIEF FOR APPELLEE
KENTUCKY BOARD OF
EXAMINERS OF PSYCHOLOGY:

Daniel G. Leffel
Clayton B. Patrick
Frankfort, Kentucky